**ROBBINS MUSIC CORP. et al.**

v.

**ALAMO MUSIC, Inc., et al.**

United States District Court
S. D. New York.
Feb. 18, 1954.

**30**

Abeles & Bernstein, New York City, Arnold J. Bernstein, New York City, of counsel, for plaintiffs.

Wilzin & Halperin, New York City, A. Halsey Cowan, New York City, of counsel, for defendants Alamo Music, Hill & Range Songs, Inc., and Harry Fox.

WEINFELD, District Judge.

In this copyright infringement action, the defendants' motion to transfer to California, pursuant to Title 28 U.S.C. § 1404(a), is denied for failure to sustain the burden of showing that "the balance is strongly" in their favor.[1] Indeed, on the papers presented the contrary appears.

The plaintiffs' choice of forum is the district of their residence. Both plaintiffs are New York corporations engaged in business here, where their principal offices are located. The three moving defendants, two corporations and an individual, the only named defendants served with process, are likewise residents of, and carry on business in, this district. The various alleged acts of infringement—printing and marketing by defendants of three musical compositions —occurred in this district. The documents, books, and records of plaintiffs, of defendants, and witnesses with respect thereto, including printers, distributors, and licensing agencies are located in New York. The musical experts upon whom plaintiffs rely are residents of this district. The composer from whom plaintiffs derive their rights to the alleged infringed compositions states that he is prepared to come to this district to testify, although he resides in California, and to do so will not inconvenience him. All the parties to the suit, plaintiffs and the three defendants, not only carry on business in this district, but none does business in the proposed transferee district.

The defendants, however, press hard that the composer of the songs which allegedly infringe plaintiffs' song is a necessary witness since their rights derive from him. This composer, Schumann, is a resident of California. He is the only named defendant upon whom plaintiffs are unable to effect service since he remains in California and has declined to appear in the action. However, the plaintiffs state they propose to withdraw the action against him. Additionally, the defendants contend that witnesses who will testify as to Schumann's access, opportunity for copying, and use of opportunity for copying are located in California. But this broad claim is defective in that the names of these witnesses (other than composer Schumann) are not submitted and the nature of their proposed testimony is not stated.[2]

I do not overlook the defendants' further claim that in the event of recovery against them they may have a claim for indemnity against Schumann and, thus, if this action remains in this district, a second separate suit will be necessary in California to recover on such claim. Undoubtedly, it is desirable that the rights of all interested parties, whenever possible, should be disposed of in a single litigation. But plaintiffs should not be inconvenienced and burdened with additional expense to litigate in a distant forum on the possibility that an alleged tort-feasor may be indemnified in plaintiffs' action by another alleged tort-feasor. The defendants' right to indemnity is not lost if Schumann is not a defendant in this action. Accordingly, Schumann's determination not to appear in this action (although he is

---

1. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330, certiorari denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624.

2. Jenkins v. Wilson Freight Forwarding Co., Inc., D.C.S.D.N.Y., 104 F.Supp. 422.

quite willing to appear if it is transferred to California) should not serve as the basis for compelling a transfer and defeating plaintiffs' right to choice of forum—a choice which the Supreme Court has said should rarely be disturbed.[3]

 In sum, as I read these papers, it is essentially Schumann's convenience and interests that are sought to be served by the desired transfer and not that of the parties to this litigation. Indeed, he acknowledges as much in his affidavit. As the composer through whom defendants derive their rights, he has, of course, an interest, whether because of an express obligation under an agreement or because of professional pride, to defend this suit, or any other suit for infringement based upon his composition; but he cannot compel plaintiffs, residents of this district, to their great inconvenience and disadvantage to fight the war on his battleground and on his terms. And on this matter I add that the fact that this district is plaintiffs' home forum, while not necessarily controlling, is of "high significance."[4]

The motion to dismiss on the ground that plaintiffs have failed to join Schumann, "an indispensable party," as a defendant must also fail. In this case, the acts of infringement—sale, distribution, and publication—are charged against the three defendants; each is an alleged tort-feasor.[5] It is hornbook law that an aggrieved party is not compelled to sue all tort-feasors. He may sue one or more or all of them, at his discretion.[6]

Finally, the motion to dismiss for failure to state a claim is likewise denied. The complaint follows closely Form 17 of the Appendix of Forms of the Federal Rules of Civil Procedure. The motion is entirely without substance.

Settle order on notice in accordance with the foregoing.

3. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

4. Koster v. (American) Lumbermen's Mutual Casualty Co., 330 U.S. 518, 524–525, 67 S.Ct. 828, 91 L.Ed. 1067.

5. Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690, 692; Ted Browne Music Co. v. Fowler, 2 Cir., 290 F. 751; American Code Co. v. Bensinger, 2 Cir., 282 F. 829; Universal Pictures Co. v. Harold Lloyd Corporation, 9 Cir., 162 F.2d 354; Sammons v. Colonial Press, 1 Cir., 126 F.2d 341.

6. Corsicana Nat. Bank v. Johnson, 251 U. S. 68, 84, 40 S.Ct. 82, 64 L.Ed. 141; Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690, 692; Mason v. Dullagham, 7 Cir., 82 F. 689; Union Mill & Mining Co. v. Dangberg, C.C.D.Nev., 81 F. 73; see 3 Moore's Federal Practice par. 19.14.