**Hubert TYRILL, Plaintiff,**

v.

**ALCOA STEAMSHIP COMPANY, Inc., Defendant.**

United States District Court
S. D. New York.
Feb. 7, 1958.

Morris Hirschhorn, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant, Francis X. Byrn, New York City, of counsel.

DAWSON, District Judge.

This is a motion pursuant to § 1404(a) of Title 28 United States Code, to change the venue of this action to the District Court for the District of the Virgin Islands. It appears that the plaintiff is suing for personal injuries sustained in an accident aboard a ship of the defendant which occurred in the Virgin Islands. The plaintiff was a longshoreman. It also appears that the principal witnesses are in the Virgin Islands and that immediately after the accident plaintiff was hospitalized in a hospital in the Virgin Islands. This is the type of situation where ordinarily the convenience of parties and witnesses would require that the venue be changed to the Virgin Islands.

However, plaintiff has submitted facts which would require a different determination. He has established that he is now and has been for some time a patient in the Institute of Physical Medicine and Rehabilitation, Bellevue Medical Center, in New York, New York. The facts show that the plaintiff is a paraplegic. Plaintiff has submitted a copy of an Act of the Legislature of the Virgin Islands showing that this Legislature appropriated $12,000 so that the plaintiff could receive the required maintenance, medical care and rehabilitation in a paraplegic center in continental United States. The resolution of the Legislature of the Virgin Islands certified that there were no facilities for adequate treatment of the case either in the Virgin Islands or the Commonwealth of Puerto Rico. The statement of the Associate Director of the Department of Physical Medicine and Rehabilitation, in which the plaintiff is now a patient, reads in part:

"This man has no relatives in the Virgin Islands. He does have brothers here in the States. It is my firm medical opinion that he would do better and live longer with one or both of his brothers with the above mentioned care as outlined. Mr. Tyrill will need a lot of care for the rest of his life, and, it has been my experience, that they do better with relatives.

"I would doubt that there would be any convalescent home or medical attendant care available in St. Croix that could care for this very specialized type of case."

To transfer this case for trial in the Virgin Islands would mean that the plaintiff would either have to drop the case or endanger his life by returning to the Virgin Islands for the trial of the case. Under the circumstances the Court concludes that the jurisdiction chosen by the plaintiff should not be dis-

turbed and that the defendant has not shown that it would be for the convenience of the parties to have this action transferred to the Virgin Islands. The motion is denied. So ordered.