William R. RUSSELL, Plaintiff,

v.

William CUNNINGHAM, Defendant.

Civ. No. 25-54.

District Court of Guam.

Feb. 3, 1961.

Philip R. Lawrence, San Francisco, Cal., W. Scott Barrett (of Turner, Barrett & Ferenz), Agana, Guam, for plaintiff.

Keith R. Ferguson, Sp. Asst. to Atty. Gen., H. G. Homme, Jr., U. S. Atty., Dist. of Guam, Agana, Guam, Graydon S. Staring, Dept. of Justice, Washington, D. C., for defendant.

GILMARTIN, District Judge.

This is a motion, filed by the plaintiff on November 28, 1960, "to transfer this action to the District Court of the United States for the Northern District of California, Southern Division * * * ." The following is the statute pursuant to which the motion is made:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404 (a).

The complaint was filed herein on April 26, 1954. It alleges, *inter alia*, that " * * * on the 11th day of April, 1954, * * * in a certain restaurant club * * * located * * * in the territory of Guam * * * the defendant, William Cunningham, without reason, cause, or provocation, assaulted the plaintiff in and about the face and body by striking the plaintiff with his clinched hand, as a direct result of which the plaintiff suffered severe cuts and lacerations, and further suffered the loss of sight of his right eye by reason of the eyeball being ruptured."

There is only one allusion in the complaint to any "grounds upon which the court's jurisdiction depends," F.R.Civ. P. 8(a) (1), 28 U.S.C.A.:

"* * * That the matter in controversy exceeds the sum or value of Three Thousand Dollars ($3,000.-00), exclusive of interest and costs."

Accompanying the plaintiff's motion is the affidavit of Philip R. Lawrence, one of the attorneys representing the plaintiff. Attorney Lawrence says therein,

"*At the time of the assault, as at all times since,* plaintiff has resided in said Northern District of California and I am informed and believe and therefore allege that defendant has also resided within said District *during said time.*" (Emphasis added.)

■ The United States Supreme Court has held that,

"[T]he *power* of a District Court under § 1404(a) to transfer an action to another district is made to depend * * * upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." Hoffman v. Blaski, 1960, 363 U.S. 335, 343–344, 80 S. Ct. 1084, 1089, 4 L.Ed.2d 1254. (Emphasis added.)

The phrase "might have been brought" does not mean might have been brought at the time that the motion for a change of venue is made, but it means might have been brought at the time that the suit was commenced. Hoffman v. Blaski, supra, 1960, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254. The United States Supreme Court also said,

"* * * The Ninth Circuit has held a District Court to be without power to transfer an action, on *plaintiff's* motion, to a district in which plaintiff did not have a legal right to bring it originally." Hoffman v. Blaski, supra, 1960, 363 U.S. 335, 339–340 note 8, 80 S.Ct. 1084, 4 L. Ed.2d 1254.

The controlling question, then, is whether the plaintiff herein, at the time the present action was instituted, had a legal right to bring it in the United States District Court for the Northern District of California.

■ The plaintiff has failed to demonstrate that any United States District Court could have acquired jurisdiction of the civil action herein at the time it was commenced. The complaint does not set forth any claim arising "under the Constitution, laws or treaties of the United States." 28 U.S.C.A. § 1331. Furthermore, the affidavit submitted in support of the plaintiff's motion establishes that at the time the present action was instituted *both* the plaintiff and the defendant were residents of California, and therefore there could not have been diversity jurisdiction in the United States District Court for the Northern District of California.

It is the opinion of this Court that as the plaintiff herein had no legal right to bring this action in the United States District Court for the Northern District of California at the time it was commenced in this Court, his motion for a change of venue must be denied.

The plaintiff calls the following statement by the United States Supreme Court to this Court's attention:

"[T]he ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." Koster v. (American) Lumbermens Mutual Cas. Co., 1947, 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067.

In spite of the fact that this latter case was decided before § 1404(a) came into existence, this Court is in total agreement with the plaintiff's contention that the quoted language is a sound guide in applying the change of venue statute. Section 1404(a), itself, uses the language, "For the convenience of parties and witnesses, in the interest of justice * *." Nevertheless, it should be obvious that the "ends of justice" would not be served by transferring this case to a court which would have no choice but to dismiss the

action, upon its own motion if necessary, for lack of jurisdiction over the subject matter.

The motion is denied.

It is so ordered.