Nicodemus **HENDRICKS**

v.

**ALCOA STEAMSHIP CO., Inc.**
**Civ. A. No. 30135.**

United States District Court
E. D. Pennsylvania.
April 24, 1962.

Rehearing Denied June 26, 1962.

See also 203 F.Supp. 33.

Joseph M. Leib, of Rubin & Leib, Philadelphia, Pa., and Louis R. Harolds, of Standard, Weisberg & Harolds, New York City, for plaintiff.

T. E. Byrne, Jr., of Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

AND NOW, April 24, 1962, after consideration of the foregoing motion, briefs of counsel (Documents Nos. 55–58 & 60), letters of February 19, March 1, 9, 14 and 23 which have been attached to plaintiff's brief (Document No. 56) and defendant's brief (Document No. 55), oral

argument and the record, IT IS ORDERED that defendant's Motion For Dismissal, or, in the Alternative, For Transfer Under 28 U.S.C.A. § 1404(a), is denied.

### Motion For Dismissal

■ Defendant's Motion To Dismiss under the doctrine of forum non conveniens is based on the following facts, among others: the injury for which this suit was brought occurred in the Virgin Islands; plaintiff was first treated there; the eyewitnesses are there; the ship concerned calls there regularly; and plaintiff's present wife and four minor children reside there (see Document No. 27).

■ Although the doctrine of forum non conveniens is recognized in Federal law,[1] defendant has not sustained its burden of persuading this court that this is one of "those rather rare cases where the doctrine should be applied."[2] In refusing to exercise discretion and dismiss the case, the hearing judge notes especially the affidavits which have been submitted on behalf of plaintiff concerning his physical and financial condition (Document No. 43), the fact that a dismissal of this suit would require plaintiff to obtain counsel in the Virgin Islands and file suit there almost immediately in order to preserve his rights,[3] and the delay in defendant's filing one of its affidavits in support of its Motion (Document No. 44), thereby delaying the time when the ruling on this Motion could be made.[4]

[1]. Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633, 645 (2nd Cir. 1956), cert. den. 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956), rehearing den. 352 U.S. 913, 77 S.Ct. 144, 1 L.Ed.2d 120 (1956).

[2]. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

[3]. This accident occurred on May 14, 1960. The statute of limitations for personal injury cases in the Virgin Islands is two years. See Title 5, Virgin Islands Code Annotated, Chap. 3, § 31(5).

[4]. Although defendant filed the above Motion on January 11, 1962, it had stated

Such a dismissal would not be "in the interest of justice" and the Motion has, therefore, been denied.

### Motion For Transfer

Defendant's alternative motion to have this case transferred to the District Court in the Virgin Islands has been denied on the ground that this court does not have the power to grant the Motion.

■ Under the doctrine of forum non conveniens, a case cannot be transferred but can only be dismissed without prejudice. United States v. Nat. City Lines, 334 U.S. 573, 591, 68 S.Ct. 1169, 92 L.Ed. 1584 (1948), rehearing den. 334 U.S. 862, 68 S.Ct. 1526, 92 L.Ed. 1781 (1948). Transfer of a cause from one District to another is a question of power and a District Court does not have the inherent authority to order such a transfer; the power must come from an express statutory grant. General Electric Co. v. Central Transit Warehouse Co., 127 F.Supp. 817, 824 (W.D.Mo.1955); United States v. 11 Cases, Etc., 94 F. Supp. 924, 926–7 (D.Ore.1950).

■ Statutory authority has been given in Title 28 of the United States Code to the District Courts to transfer any civil action only "to any other district or division" by 28 U.S.C.A. § 1404 (a). 28 U.S.C.A. § 451 states in part: "As used in this title (Title 28): * * * The term 'district' and 'judicial district' mean the districts enumerated in Chapter 5 of this title." Chapter 5 of 28 U.S.C.A. (see 28 U.S.C.A. §§ 81 to 144)

its intention to file such a Motion last fall and its basic affidavit in support of the Motion was not filed until February 23 (Document No. 41). At the argument on February 26, defendant submitted additional exhibits, so that it did not complete the record upon which it relied until the argument date. This factor resulted in the request of plaintiff to file answering material and the grant of additional time to both parties (see letter of March 14, attached to Document No. 55) to file further documents as the result of defendant's request in the letter of March 9 (attached to Document No. 55).

does not include any district or judicial district of the Virgin Islands.[5]

The Supreme Court of the United States recognized this exclusion in International Longshoremen's etc., v. Juneau Spruce Corp., 342 U.S. 237, 241, 72 S.Ct. 235, 96 L.Ed. 275 (1952), where this language is used in footnote 4:

"The new Judicial Code creates judicial districts for the District of Columbia, 28 U.S.C. § 88; for Hawaii, 28 U.S.C. § 91; and for Puerto Rico, 28 U.S.C. § 119; but none for the Canal Zone, the Virgin Islands, or for Alaska."

There is no reason to believe that the exclusion was unintentional.[6]

Congress has made specific provision for transfer of certain cases from inferior courts to the District Court of the Virgin Islands (48 U.S.C.A. §§ 1612 & 1613) in Subchapter V of Chapter 12 of Title 48 U. S. Code which provides for the Judicial Branch of the Government of the Virgin Islands. The Federal Courts have held that provisions similar to that in such Subchapter V, giving the District Court of the Virgin Islands "the jurisdiction of a district court of the United States" (48 U.S.C.A. § 1612), do not bring it within the historical definition of the term "district court of the United States" for all purposes. See Mookini v. United States, 303 U.S. 201,

205, 58 S.Ct. 543, 82 L.Ed. 748 (1938), where the court said:

"We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a 'District Court of the United States.'"

Cf. International Longshoremen's, etc. v. Juneau Spruce Corp., supra, pp. 240–243, 72 S.Ct. pp. 237–239. The construction of. the above-quoted wording of 28 U.S.C.A. § 1404(a) is in accordance with the interpretation placed on similar Congressional language in federal cases involving the jurisdiction of Federal Courts in our territories and insular possessions. See Reese v. Fultz, 96 F.Supp. 449 (D. Alaska 1951); Ottley v. De Jongh, 149 F.Supp. 75, 77 (D.V.I.1957), where the court stated that the District Court of the Virgin Islands is not "a district court of the United States."

ON PETITION OF DEFENDANT FOR REHEARING AND REARGUMENT (DOCUMENT NO. 62)

AND NOW, June 26, 1962, after consideration of the foregoing Petition (Document No. 62), the Memorandum of counsel for defendant attached thereto, the Affidavit and Memorandum of counsel for plaintiff (Document No. 63), to which has been attached the letter of

---

5. As originally written, Chapter 5 included judicial districts for each of the then states, plus Hawaii and Puerto Rico. It was amended in 1958 to include a judicial district for Alaska, which had become a state. See 28 U.S.C.A. § 81A.

6. Because of the definitions included in 28 U.S.C.A. § 451, Congress thought it necessary to enact 28 U.S.C.A. § 460, which specifically provides that certain sections of the Judicial Code concerning courts and judges (§§ 452–459 of 28 U.S.C.A.) were applicable to the District Courts for Alaska, the Canal Zone, and the Virgin Islands. See 80th Cong., House Report No. 308. In 1951, 28 U.S. C.A. § 460 was amended to include Guam and in 1958 it was again amended to exclude Alaska, which had become a state and had been added to the list of courts enumerated in Chap. 5 (see footnote 5).

Also, 28 U.S.C.A. §§ 2072 & 2073 give the Supreme Court the power to prescribe rules for "the district courts of the United States and certain other courts." Although this definition included the district courts of Hawaii and Puerto Rico because of the terms of 28 U.S.C.A. § 451, Congress considered it necessary to specifically provide in 48 U.S.C.A. § 1615:

"The rules of practice and· procedure heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to section 2072 of Title 28 in civil cases, section 2073 of such title, United States Code, in admiralty cases, and section 53 of Title 11 in bankruptcy cases, shall apply to the District Court of the Virgin Islands and to appeals therefrom."

Cf. Callwood v. Callwood, 233 F.2d 784, 787 (3rd Cir. 1956).

counsel for plaintiff dated 5/29/62, the attached brief of defendant's New York counsel filed 5/24/62, and the record, IT IS ORDERED that:

(1) the order entered in the above-captioned case on April 24, 1962, is amended to read:

"* * * IT IS ORDERED that defendant's Motion For Dismissal, or, in the Alternative, For Transfer Under 28 U.S.C.A. § 1404(a), is DENIED, and it is stated, pursuant to 28 U.S.C.A. § 1292(b), that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation."

and

(2) in all other respects the Petition For Rehearing and Reargument filed by defendant (Document No. 62) is denied.

On April 24, 1962, this court denied defendant's Motion For Dismissal, or In The Alternative, For Transfer Under 28 U.S.C.A. § 1404(a) (see Document No. 61). The instant Petition requests that a rehearing be granted and reargument heard on such denial.

## Motion For Dismissal

The defendant's Motion For Dismissal was denied because the court decided that the case was not one of the rare actions in which the doctrine of *forum non conveniens* should be applied. The decision states that the court noted especially certain factors, among which was "the fact that a dismissal of this suit would require plaintiff to obtain counsel in the Virgin Islands and file suit there almost immediately in order to preserve his rights."[1] The Petition For Rehearing states that the defendant stipulates that it will not plead the statute of limitations if this case is dismissed and another action, based on the same accident, is commenced in the Virgin Islands before May 14, 1963. This is the first time that defendant has expressed any willingness to waive the statute of limitations.

Assuming, without deciding, that a litigant may alter the record after a case has been decided,[2] the court has reexamined the record in view of the stipulation[3] and has decided that the effect of the new fact of record is of insufficient weight to move its discretion contrary to the order of April 24, 1962 (Document No. 61).

Before that order was entered, the hearing judge considered the factors which the United States Supreme Court has stated should be considered in deciding a Motion under *forum non conveniens*[4] and applied them to the facts of record in this case.[5] The court must

---

1. See p. 2 of Document No. 61. A footnote to this statement states that the accident occurred on May 14, 1960, and that the statute of limitations for personal injury cases in the Virgin Islands is two years under Title 5, Virgin Islands Code Annotated, Chap. 3, § 31(5).

2. It would appear that the hearing judge can consider additional information. See Kontos v. The S.S. Sophie C., 288 F.2d 437 (3rd Cir. 1961).

3. The court has also considered the other reason set forth in the Petition, namely, that substantial rights of defendant are adversely affected by the denial. These alleged rights were considered by the court previously.

4. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

5. Among the important facts of record are the following: the situs of the accident (a ship which was being unloaded in the Virgin Islands); the law to be applied (general Federal maritime law); the residence of the parties [Plaintiff alleges that he is a Pennsylvania resident. He left the Virgin Islands in August 1960 for further medical treatment and has not returned. At p. 4 of his affidavit of 2/23/62 (Document No. 43), plaintiff states that he will only leave Philadelphia "when and if my medical care is ever ended" (see, also, p. 6 of affidavit of Allen Hendricks in Document No. 43). Defendant is a New York corporation.]; the residence of witnesses (plaintiff has indicated that he will call doctors who have treated him in the United States and who live in Pennsylvania and New

consider the harshness of the doctrine of *forum non conveniens*, the hesitation with which it is applied, and the difference between that doctrine and a motion to transfer under 28 U.S.C.A. § 1404(a).

In All States Freight v. Modarelli, 196 F.2d 1010 (3rd Cir. 1952), Judge Goodrich stated at page 1011:

"The *forum non conveniens* doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out com-

pletely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the *forum non conveniens* doctrine." [6]

▇▇▇ The doctrine of *forum non conveniens* allows a court to resist an imposition upon its jurisdiction even when that jurisdiction is authorized by a general venue statute.[7] The ultimate inquiry under it is where trial will best serve the convenience of the parties and the ends of justice.[8] A dismissal under the doctrine is only proper under special circumstances and without special circumstances the District Court should not decline to exercise jurisdiction over the case.[9] Under the doctrine, unless the balance is strongly in favor of the de-

York, family members who live in New York, and a doctor who treated him in the Virgin Islands and who now is in North Carolina). Defendant states that there were no members of the crew who were eye witnesses and that the testimony of only two members thereof might be valuable. These men live in the United States, but outside of the subpoena range of this court. Other possible witnesses are fellow stevedores located in the Virgin Islands, residents of Puerto Rico connected with loading of the ship (the value of their testimony is undetermined), and possibly stevedores from Baltimore and New York. See, also, footnotes 14 and 15 below.

6. This language was quoted with approval in Norwood v. Kirkpatrick, 349 U.S. 29, 31, at page 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955), where the court stated that the discretion to be exercised is broader under 28 U.S.C.A. § 1404(a) and that that statute intended to permit courts to grant transfers upon a lesser showing of inconvenience than that required under the doctrine of *forum non conveniens*. As this portion of the case involves the doctrine of *forum non conveniens*, the reference in defendant's memorandum to language used in cases under 28 U.S.C.A. § 1404(a) is not necessarily appropriate. It is also noted that each case under the doctrine of *forum non conveniens*

or under 28 U.S.C.A. § 1404(a) must be examined in light of its own particular facts.

7. Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at p. 507, 67 S.Ct. 839.

8. Koster v. Lumbermens Mutual Co., 330 U.S. 518, 527, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).

9. Williams v. Green Bay & W. R. Co., 326 U.S. 549, 554–557, 66 S.Ct. 284, 90 L.Ed. 311 (1946). At p. 554, of 326 U.S., 66 S.Ct. 284, the court says that maintenance of a suit away from the domicile of the defendant might be vexatious or oppressive. A footnote to this statement contains a quotation from Gibb, International Law of Jurisdiction (1926), pp. 212–213, which states the law of England and Scotland as follows: "the court will not hold its hand unless there be, in the circumstances of the case, such hardship on the party setting up the plea as would amount to vexatiousness or oppression if the court persisted in exercising jurisdiction. The inconvenience, then, must amount to actual hardship, and this must be regarded as a condition *sine qua non* of success in putting forward a defence of *forum non conveniens*. For the general rule is that a court possessing jurisdiction must exercise it unless the reasons to the contrary are clear and cogent."

fendant's position, plaintiff's choice of forum should rarely be disturbed.[10]

■■■ It might indeed be more advantageous to defendant if the case had been instituted in the Virgin Islands, where it could bring a third-party action against the West Indian Company,[11] but, although this is a factor to consider, defendant's rights against that company are not destroyed if the case remains here. It is also noted that even if the case were dismissed and an action brought in the Virgin Islands, the "piecemeal litigation" about which the defendant complains would not be cured in view of the suit now pending in the District Court for the Southern District of New York, in which plaintiff is suing John W. McGrath Corp. on the same cause of action as is here involved.[12]

The court had sufficient facts before it at the time of the April decision from which it weighed relative advantages and obstacles to a fair trial and found that the balance was not clearly in favor of defendant.[13] Plaintiff, a resident of this District,[14] who is impecunious and who is still receiving medical treatment here, has selected this forum. Although there is little to connect this forum with the action, there is sufficient to do so and

there are sufficient facts to sustain refusal to dismiss this case.[15] As Circuit Judge Goodrich stated in Kontos v. The S.S. Sophie C., 184 F.Supp. 835, 838 (E.D.Pa.1960):

"The selection of the forum is in the first instance a matter where the plaintiff's choice is to be made and where, other things being equal, or nearly equal, it should control. If there is difficulty in proving the case and the libellants are unable to support their claim by adequate testimony, they will fail. That burden is on them. The conclusion, therefore, is that the balance of convenience indicates that the case should be retained here." [16]

The Petition For Rehearing and Reargument of the Motion to Dismiss will be denied, since the case, considered in light of the stipulation concerning the waiver of the statute of limitations contained in the Petition, is not one which should be dismissed under the *forum non conveniens* doctrine.

### Motion For Transfer

The Petition asserts that the court was too restrictive in its interpretation of 28 U.S.C.A. § 1404(a) when it held that this court had no power to trans-

---

10. Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at p. 508, 67 S.Ct. 839; Securities & Exchange Commission v. Wimer, 75 F.Supp. 955, 964 (W.D.Pa.1948).

11. Cf. Naughton v. Pennsylvania R. Co., 85 F.Supp. 761, 762 (E.D.Pa.1949).

12. Cf. Robbins Music Corp. v. Alamo Music, 119 F.Supp. 29, 30 (S.D.N.Y.1954).

13. Cf. Headrick v. Atchison, T. & S. F. Ry. Co., 182 F.2d 305 (10th Cir. 1950). There is no extraordinary reason shown in this record why the court should be present at a deposition first requested a month after it has disposed of this Motion, as suggested at page 5 of the brief submitted by New York counsel for defendant.

14. Plaintiff has not been in the Virgin Islands since August 1960. At that time he was sent to New York for treatment, stayed there one year, and then moved to Philadelphia, where, according to his affidavit (Document No. 43), he plans to remain as long as medical care is re-

quired, which may be permanently. Defendant has not established that plaintiff is not a resident of this District.

15. Because of plaintiff's health (see letter of 2/19/62 attached to Document No. 56, which states that plaintiff is a very much brain damaged human being who will require further care), his financial condition (because of his impecunious status, he might not be able to get representation in the Virgin Islands), and his desire to remain in the United States, an action in the Virgin Islands might not be filed. However, the court does not find that plaintiff's allegation that he would be unable to get a fair trial in the Virgin Islands has been sustained.

16. This language might be particularly applicable here, since the plaintiff is a "brain damaged individual" whose own testimony might well be inadequate to sustain his position and who will be the party hurt by any preclusion of eye-witness testimony through a suit outside the subpoena range of such witnesses.

fer this case to the Virgin Islands under that Section. The memorandum of defendant on this point cites no cases which were not considered by the court before its decision was made and sets forth no reasons which would persuade the court to change its ruling as to this part of the order of April 24, 1962.[17]

While appreciating the assistance which the New York counsel for defendant has given the court by its brief filed May 24, 1962, this court cannot disregard the plain words of Congress as used in Chapter 5 of 28 U.S.C.A. (28 U.S.C.A. §§ 81 to 144), as referred to at pp. 3 and 4 of Document 61, under the guise of reaching an alleged purpose or policy (see pp. 6–8 of the brief filed May 24, 1962) which is not clearly stated as applying to this situation.[18] Defendant's remedy is within the power of Congress, rather than within that of the District Court. Rehearing and reargument on this point would serve no useful purpose.

Application for Certification Under 28 U.S.C.A. § 1292(b)

█ The instant Petition asks, in the alternative, that if the court adheres to its order of April 24, 1962, certification authorized by 28 U.S.C.A. § 1292(b) be granted. This alternative has been treated as a motion to amend the order of April 24, 1962, and will be granted since Circuit Judge Goodrich has said, under similar circumstances: "If the Court is incorrect in the view here expressed, it would be unfortunate to have the parties go through a trial on the merits and then have the case thrown out because the forum was considered an inconvenient one." See Kontos v. The S. S. Sophie C., 184 F.Supp. 835, 838 (E.D. Pa.1960), aff'd. 288 F.2d 437 (3rd Cir. 1961).

---

17. See analysis of cases cited by defendant in plaintiff's Memorandum (Document No. 63).

18. There is no showing that the relevant provisions of the Judicial Code and the language of Longshoremen v. Juneau Spruce Corp., 342 U.S. 237, 241, 72 S.Ct. 235, 96 L.Ed. 275 (1942), as referred to at pp. 3–5 of Document No. 61, were

called to Judge Dawson's attention when he used the language quoted at page 2 of this brief from Tyrill v. Alcoa Steamship Company, 158 F.Supp. 853, 854 (S.D. N.Y.1958). Russell v. Cunningham, 191 F.Supp. 82 (D.Guam 1961), cited at page 6 of this brief, does not present the situation now before the court, since 28 U.S.C.A. §§ 81–131 concern Districts and do not purport to list all "district courts."