The **AMERICAN PLAN CORPORATION**, a corporation of the State of New York, Plaintiff,

v.

**STATE LOAN AND FINANCE CORPORATION**, a corporation of the State of Delaware, Defendant.

Civ. A. No. 2727.

United States District Court
D. Delaware.

Jan. 5, 1968.

C. Waggaman Berl, Jr., of Booker, Leshem, Green & Schaffer, Wilmington, Del., and Leo H. Hirsch, Jr., of Boyle, Feller & Reeves, New York City, for plaintiff.

Howard L. Williams and Robert M. High, of Morris, James, Hitchens & Williams, Wilmington, Del., for defendant.

## OPINION

STEEL, District Judge.

Plaintiff, American Plan Corporation, brought this action against defendant, State Loan & Finance Corporation, to enjoin it from using the name "American Plan" in the conduct of its business and in the corporate names of its subsidiaries. Before trial this Court granted a preliminary injunction against defendant restraining it from causing the formation of any corporation employing the name "American Plan Corporation" or causing subsidiaries to change names to any containing "American Plan". Later, the action was tried without a jury. At the conclusion of plaintiff's case, defendant moved for dismissal on the ground that under the facts and the law the plaintiff had shown no right to relief. The motion was granted. On September 7, 1966 the decision was reversed on appeal. American Plan Corporation v. State Loan & Finance Corporation, 365 F.2d 635 (3rd Cir. 1966), cert. denied, 385 U.S. 1011, 87 S.Ct. 719, 17 L.Ed.2d 548 (1967). In the mandate the Court of Appeals directed this Court to reinstate the preliminary injunction.

Following the remand defendant moved to dismiss the action and plaintiff moved for summary judgment.

### Motion of Defendant to Dismiss

The motion is based upon two grounds: first, the alleged failure of plaintiff to prove the requisite jurisdictional amount to support diversity jurisdiction; and second, the failure of plaintiff to join indispensible parties.[1]

1. A third ground (paragraph 2 of the motion) need not be considered. It is a reiteration of the motion which defendant made at the close of the plaintiff's case.

■ Plaintiff has waived any claim to damages and asks only for injunctive relief. The test of the jurisdictional amount when only an injunction is sought in a trade name case is not the damage to plaintiff but the value of the name or business good will which plaintiff seeks to protect. Ambassador East, Inc. v. Orsatti, Inc., 257 F.2d 79, 80–81 (3rd Cir. 1958). The good will of a plaintiff is valued on the basis of the cumulative amount spent by the plaintiff for advertising and the volume of business conducted. Ross-Whitney Corp. v. Smith Kline & French Laboratories, 207 F.2d 190, 194 (9th Cir. 1953); Hanson v. Triangle Publications, Inc., 163 F.2d 74, 79 (8th Cir. 1947), cert. denied, 332 U.S. 855, 68 S.Ct. 387, 92 L.Ed. 424 (1948); 4 Callmann, Unfair Competition and Trade-Marks 1943 (2d ed., 1950).

■■ The instant case was begun on August 15, 1963. Between 1957 and 1962, plaintiff produced and serviced between $16,000,000 and $38,000,000 of premiums on insurance which it was instrumental in obtaining. Its annual advertising expenditures during the same period varied between $360.57 and $19,365.63. Only if it appears to a legal or factual certainty that the claim of plaintiff is actually for less than the jurisdictional amount is a dismissal on jurisdictional grounds justified. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

In the instant case it can not be said to be legally or factually certain that the name of plaintiff or business good will which it seeks to protect is less than $10,000. The record establishes the requisite jurisdictional amount for the maintenance of the action.

On February 25, 1964, Judge Leahy denied a motion by defendant to dismiss the action upon the ground that indispensible parties were lacking. At that time nothing was before Judge Leahy except the allegations of the complaint plus a prospectus of defendant. Since then the record has been considerably expanded. Under Fed.R.Civ.P. 12(h)(2) the indispensable party defense can be raised at this time, and the point must be considered.

■ Rule 19 of the Federal Rules of Civil Procedure is entitled "Joinder of Persons Needed for Just Adjudication". Subdivision (a) relates to persons who are subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action. It makes mandatory the joinder of such person if certain stated conditions exist. Four of defendant's subsidiaries using the words "American Plan" in their names are incorporated in Delaware[2] and are amenable to process of this Court. Their joinder as defendants would not defeat the jurisdiction of this Court. Their joinder is therefore mandatory under subdivision (a) provided that the other conditions of Rule 19 are applicable to them.

That condition stated in clause (1) is irrelevant. Obviously complete relief can be accomplished between plaintiff and defendant without the joinder of the four Delaware subsidiaries. Nor are the provisions of clause (2) apposite, even though the four subsidiaries noted, because of the involvement of their names, claim (through defendant) an interest relating to the subject matter of the action. None is so situated that the disposition of the action in its absence "may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any of the [corporations] already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of [the subsidiary's] claimed interest." The absence of the subsidiaries does not impair or impede their ability to protect their interest

---

**2.** The four are: American Plan Corporation, American Plan Corporation Downtown, American Plan Corporation of Abilene, and American Plan Corporation of Dublin.

since as a practical matter their interests are being actively and adequately protected by the defendant. On its face the provisions of clause (2) (ii) are without application.

■ Subdivision (b) of Rule 19 gives defendant no cause to complain of the absence of either of the four Delaware corporations or the non-Delaware corporations which use American Plan in their corporate names. Rule 19(b) comes into play only if the non-parties fall within the categories described in subdivision (a) (1)–(2). None of these corporations, for the reasons previously stated in discussing Rule 19(a), are covered by subdivision (a) (1)–(2) thereof. Defendant's motion to dismiss will be denied.

### Plaintiff's Motion for Summary Judgment

In its decision the Court of Appeals held that (1) American Plan Corporation was a fanciful or arbitrary name, (2) this fact coupled with the evidence adduced by plaintiff satisfied plaintiff's burden of proving likelihood of confusion, and (3) the plaintiff is entitled to a remedy even though it and defendant's subsidiaries are not competitors.

To obviate a trial if defendant were without facts to overcome the prima facie case which the Court of Appeals held that the plaintiff had proven, this Court followed the procedure adopted in United States v. United States Gypsum Co., 340 U.S. 76, 71 S.Ct. 160, 95 L.Ed. 89 (1950). Thus the defendant was directed to file a written proffer of proof setting forth the facts which it would introduce if the case were tried. This was done. To test the legal sufficiency of the proffer plaintiff moved for summary judgment. In determining that motion the Court has accepted as true the facts stated in the proffer.

■ None of the evidence offered by defendant bears upon the question whether American Plan Corporation is a fanciful or arbitrary name as the Court of Appeals found it to be. Nor does defendant's proffered evidence meet the Court

of Appeals' finding that plaintiff is not barred from obtaining relief simply because it and defendant's subsidiaries are not competitors. The evidence which defendant has offered in connection with the issue of likelihood of confusion is insufficient to meet the evidence which the Court of Appeals held made out a prima facie case in plaintiff's favor.

The motion of plaintiff for summary judgment will be granted.