434

**WYLAIN, INC., Plaintiff,**

v.

**KIDDE CONSUMER DURABLES CORP., Defendant.**

Civ. A. No. 76–381.

United States District Court,
D. Delaware.

April 15, 1977.

James F. Burnett and David A. Anderson, Potter, Anderson & Corroon, Wilmington, Del., and Richard L. Aitken, Lane, Aitken, Dunner & Ziems, Washington, D. C., for plaintiff.

Richard G. Elliott, Richards, Layton & Finger, Wilmington, Del., and Arthur H. Seidel, Edward C. Gonda, and James E. Niegowski, Seidel, Gonda & Goldhammer, P. C., Philadelphia, Pa., for defendant.

LATCHUM, Chief Judge.

Alleging copyright and patent infringement, trademark violations, and unfair competition, Wylain, Inc. ("plaintiff") has sued Kidde Consumer Durables, Inc. ("defendant"). The defendant has moved pursuant to Rule 12(b)(7), F.R.Civ.P., to dismiss the action [1] because plaintiff failed to join indispensable parties under Rule 19, F.R. Civ.P.[2]

---

1. Docket Item 8.

2. Rule 19, F.R.Civ.P., provides in pertinent part:

"(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defend-

ant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence

■ The defendant is the sole stockholder of LCA Holding, Inc. ("LCA"), a Delaware corporation. LCA is the sole stockholder of Marvin Electric Manufacturing Company ("Marvin"), a California corporation, which in turn is the sole stockholder of Devine Lighting, Inc. ("Devine"), a Missouri corporation.[3] The defendant, in part through affidavits of officers of Marvin and Devine,[4] maintains that the wrongful conduct alleged in the complaint was committed by Marvin and Devine and not by the defendant, which has no knowledge of any of the acts alleged.[5] Thus, the defendant asserts that the suit must be dismissed because Marvin and Devine were not joined as parties to this action.[6]

■ Before granting a Rule 12(b)(7) motion, the Court must find, first, under Rule 19(a), that the absent persons should be joined and, second, under Rule 19(b), that equitable precepts do not preclude the extreme sanction of dismissal. *Mayer v. Development Corp. of America,* 396 F.Supp. 917, 922 (D.Del.1975); *Occidental Petroleum Corp. v. Buttes Gas & Oil Co.,* 331. F.Supp. 92, 106 (C.D.Cal.1971), *aff'd per curiam,* 461 F.2d 1261 (C.A.9, 1972), *cert. denied,* 409 U.S. 950, 93 S.Ct. 272, 34 L.Ed.2d 221 (1972).

■ Rule 19(a) prescribes two independent tests for determining whether absent persons should be joined. The defendant, however, has failed to persuade the Court that either Marvin or Devine comes within either test of Rule 19(a).

First, Rule 19(a)(1) anticipates that an absent person will be joined if "in his absence complete relief cannot be accorded [between] those already parties." While the Court will not be able to enter judgment directly against Marvin and Devine, there is no suggestion that the Court will be unable to grant full relief to the plaintiff, if it prevails, on the charges made against the defendant for its alleged wrongful conduct.

Second, defendant points out that Marvin and Devine claim an interest in the subject matter of this suit [7] and argues, pursuant to Rule 19(a)(2)(i), that their absence may "as a practical matter impair or impede [their] ability to protect that interest." [8] Perhaps because Rule 19(a)(2)(i) was promulgated principally to protect an absent person with an interest in a specific fund, *Virginia Electric & Power Co. v. Bunker Ramo Corp.,* 61 F.R.D. 366, 368 (E.D.Va.1973), the defendant has encountered some difficulty in describing the harm which may befall Marvin and Devine if this suit proceeds against the defendant in their absence. There is no suggestion in the record that their property will be jeopardized or that their ability to prosecute or defend subsequent litigation will be impaired. The complaint plausibly can be read to allege that Marvin and Devine were agents of the defendant when they engaged in the activities challenged by the plaintiff. Whenever a judgment is entered against the principal on account of its agent's conduct, some adverse consequences to the agent may reasonably be expected, but it is clear, as a general matter, that the agent is not a necessary party under Rule 19(a)(2)(i). *Milligan v. Anderson,* 522 F.2d 1202, 1204–05 (C.A.10, 1975); *Cass v. Sonnenblick-Goldman Corp.,* 287 F.Supp. 815, 818 (E.D.Pa.1968).[9] Furthermore, the com-

will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

**3.** Docket Item 8: Affidavit of Peter Lambert, par. 2; Affidavit of Howard Brinton, par. 2; Affidavit of Louis J. Tedeschi, par. 2.

**4.** *Id.:* Affidavit of Peter Lambert, pars. 3, 12–15; Affidavit of Howard Brinton, pars. 3, 13–16.

**5.** *Id.:* Affidavit of Louis J. Tedeschi, pars. 5–6.

**6.** Marvin, a California corporation, and Devine, a Missouri corporation, are not subject to proc-

ess issued from this court and, accordingly, cannot be joined involuntarily. Docket Item 8.

**7.** See note 4 *supra.*

**8.** The defendant does not contend on the basis of Rule 19(a)(2)(ii) that it will be subject to a "substantial risk" of multiple liability if Marvin and Devine are not parties.

**9.** The defendant has relied extensively upon *Glenny v. American Metal Climax, Inc.,* 494 F.2d 651 (C.A.10, 1974), in which the parent of a wholly owned subsidiary which operated a smelter was sued because of the pollution emit-

plaint can reasonably be interpreted to charge that the defendant, Marvin, and Devine were joint tortfeasors or joint infringers of plaintiff's patent, copyright, and trademark rights, and, where joint and several liability exists, the plaintiff has the privilege of selecting his defendant. *Robbins Music Corp. v. Alamo Music, Inc.,* 119 F.Supp. 29, 31 & n. 6 (S.D.N.Y.1954).

■ In short, although Marvin and Devine may have a generalized interest in the outcome of this litigation, that interest is not sufficient to bring them within the scope of Rule 19(a) as absent persons which should have been joined.[10]

■ Although the Court's holding that Marvin and Devine are not parties needed for just adjudication requires the denial of defendant's motion, a brief review of the provisions of Rule 19(b) buttresses that result.

First, the risk of prejudice to Marvin, Devine and the parties in the absence of Marvin or Devine is remote. If, as defendant maintains, Marvin and Devine are truly independent entities, no order or judgment of this Court would reach them or interfere directly with their individual interests. *See* Advisory Committee Note, 39 F.R.D. 69, 92. In addition, because Marvin and Devine are wholly within defendant's corporate family, it is reasonable to expect that any of their interests implicated in this litigation will be amply protected by the defendant. *See American Plan Corp. v. State Loan and Finance Corp.,* 278 F.Supp. 846, 848–49 (D.Del.1968).

Second, although the Court has a range of alternatives available for the fashioning of any relief that it might order, *Occidental Petroleum Corp. v. Buttes Gas & Oil Co., supra,* this consideration is of little significance in this Rule 19(b) review because of the limited risk of any prejudice to Marvin or Devine.

Third, the Court must consider whether a judgment entered in the absence of Marvin and Devine would be adequate. Nothing in the record suggests that a judgment entered against the defendant would not effectively prohibit any future wrongful conduct by the named defendant and compensate plaintiff for any damages attributed to the defendant.

Finally, under the circumstances of this case, the most important equitable consideration is "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." The plaintiff does not have one forum where it can serve the defendant, Marvin, and Devine together.[11] Furthermore, acceptance of defendant's contention would mean that the defendant could not be sued for its alleged wrongful conduct.

In sum, application of the equity and good conscience test of Rule 19(b) to the facts of this case also convinces the Court that the action should not be dismissed for failure to join indispensable parties. *See Provident Bank v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

---

ted by the smelter. The Court held that the subsidiary should have been joined in accordance with Rule 19(a)(2)(i). In *Glenny,* all tortious conduct was alleged to have been committed by the subsidiary. However, of critical importance in this case are allegations of wrongful conduct by the defendant. Furthermore, here relief is sought directly from the defendant, while the relief in *Glenny* was viewed as available only from the subsidiary.

10. The defendant has argued in substance that it had nothing to do with the activities of Marvin and Devine and that the wrongful conduct, if any, created liability only in Marvin and Devine. The absence of Marvin and Devine however, will not interfere with defendant's

ability to establish its freedom from liability. *Campbell v. Triangle Corp.,* 56 F.R.D. 480, 482 (E.D.Pa.1972). In essence, defendant by its Rule 12(b)(7) motion here attempts to have the Court rule on contentions that can not be resolved at this stage of the proceeding.

11. Docket Item 12, p. 5. The inability to sue all possible defendants in any one forum further distinguishes *Glenny v. American Metal Climax, Inc., supra* at note 9, where a parallel state court action against the parent and subsidiary was pending when the federal suit was dismissed.