**CENTRAL DELAWARE BRANCH, NAACP and Cecil C. Wilson, Plaintiffs,**

v.

**CITY OF DOVER, et al., Defendants.**

**Civ. Action No. 85–230–JLL.**

United States District Court, D. Delaware.

Nov. 22, 1985.

Theopalis K. Gregory of Crosse & Gregory, Wilmington, Del. (Grover G. Hankins, Michael H. Sussman and Audrey Little of NAACP Special Contribution Fund, Brooklyn, N.Y., of counsel), for plaintiffs.

Nicholas H. Rodriguez of Schmittinger & Rodriguez, P.A., Dover, Del., for defendants.

MEMORANDUM OPINION

LATCHUM, Senior District Judge.

Plaintiffs Central Delaware Branch of the National Association for the Advancement of Colored People and Cecil C. Wilson (collectively "NAACP") have sued the City of Dover, Dover City Council, Mayor Crawford J. Carroll and the Dover Election Commission (collectively "Dover") alleging that the City of Dover's at-large system for conducting City Council elections violates the Fourteenth Amendment's Equal Protection Clause and Section 2 of the Voting Rights Act, 42 U.S.C. § 1973 *et seq.* The NAACP further alleges that the at-large elections are racially discriminatory.[1] The

---

1. The NAACP filed its complaint on April 12, 1985 (Docket Item ["D.I."] 1), three days before Dover's most recent City Council election. Dover contemporaneously sought a temporary restraining order to prohibit the holding of at-large elections for the City Council. (D.I. 2, 3.) The same day, this Court held a hearing on the NAACP's motion for a temporary restraining

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(3) & (4). Presently before the Court is Dover's motion pursuant to Fed.R.Civ.P. 12(b)(7) to dismiss the action [2] on the grounds that the NAACP has failed to join the State of Delaware as a party defendant under Rule 19(a)(1).[3] For the reasons set forth below, this Court finds Dover's arguments lacking in merit and, accordingly, Dover's motion to dismiss this action will be denied.

## I. BACKGROUND

The parties agree that any amendments to Dover's City Charter requires the approval of the Delaware General Assembly. *See* Del. Const. art. IX, § 1. Further, a two-thirds vote of all the members elected to each House is required. *Id.* The current councilmanic district boundaries are set forth in the most recent amendment to the City Charter. 64 *Del. Laws* chap. 5, § 16 (1983).

Since the NAACP seeks an order requiring the Dover City Council to "frame districts which are ... equal in population and non-dilutive of the Black vote," [4] Dover argues that, if the NAACP prevails in this action, Dover's City Charter would have to be amended, and the amendment would require the approval of the Delaware General Assembly. The gravamen of Dover's argument is that Dover could be ordered to redistrict its boundaries, but the General Assembly could conceivably override Dover's proposed amendment to its charter.

Thus, Dover asserts that, should the NAACP prevail in this action, Dover could do everything within its power to comply with a court order declaring its current councilmanic system unconstitutional. Dover could submit a redistricting plan that passes constitutional muster to the Delaware General Assembly, yet the NAACP would still not be afforded "complete relief" within the meaning of Rule 19(a) unless the Legislature approves the City Charter amendment.

## II. RULE 19(a)

For a party to prevail on a Rule 12(b)(7) motion, the Court must find that the State of Delaware [5] should be joined under Rule 19(a) *and* that Rule 19(b)'s equitable principles do not preclude the extreme sanction of dismissal.[6] *Wylain, Inc. v. Kidde Consumer Durables Corp.*, 74 F.R.D. 434, 436 (D.Del.1977); *Mayor v. Development Corp. of America*, 396 F.Supp. 917, 922 (D.Del.1975).

Rule 19(a) provides two independent tests for determining whether absent persons should be joined if feasible. Since Dover's motion is based solely on Rule

---

order (D.I. 8) and denied plaintiff's application for the TRO. Subsequent to the hearing, the Court issued an order denying the temporary restraining order. (D.I. 7.)

**2.** D.I. 17.

**3.** Rule 19(a)(1) provides in pertinent part:
(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be afforded among those already parties.

**4.** D.I. 1 at 6.

**5.** Dover does not specify a subdivision or official within the State of Delaware that it seeks joined for the purpose of its motion. *See* D.I. 18, 21 and the discussion in Part III *infra.*

**6.** Rule 19(b), which must be satisfied before a Rule 12(b)(7) motion can be granted, states:
(b) *Determination by Court Whenever Joinder not Feasible.* If a person described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

19(a)(1),[7] this Court must determine whether "complete relief cannot be accorded [between] those already parties" if the State of Delaware is not joined. Rule 19(a)(1) is concerned only with "relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." 3A Moore's Federal Practice ¶ 19.07–1[1] at 19–96 (2d ed. 1985); *accord Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.*, 662 F.2d 534, 537 (9th Cir.1981), *cert. denied*, 459 U.S. 917, 103 S.Ct. 231, 74 L.Ed.2d 183 (1982).

Because the NAACP seeks a declaration that Dover's councilmanic districts are unconstitutional, as well as a court order requiring the Dover City Council to frame districts which pass constitutional muster, the Court concludes that, assuming the NAACP's prayer for relief is granted, such relief would be complete as between the NAACP and Dover. The NAACP does not seek a remedy which would contemplate direct action against the Delaware General Assembly or its members to require them to approve any proposed amendment to Dover's City Charter. Rather, the NAACP seeks a declaration that Dover's redistricting scheme is unconstitutional because it violates, *inter alia*, the Fourteenth Amendment. Moreover, it is axiomatic that once federal courts declare legislative acts unconstitutional, they have the power to order appropriate remedial action to correct constitutional defects.

If this Court should declare that Dover's current councilmanic districts violate the Fourteenth Amendment, it can order the defendants to formulate a constitutional redistricting plan. Further, the Court can order the defendants to submit the constitutional plan to the Delaware General Assembly for approval. Should the General Assembly negate the proposed charter amendment, this Court can direct the defendants to hold the next City Council election in accordance with a redistricting plan that is constitutional. Thus, whether or not the Delaware General Assembly approves any amendment to Dover's City Charter, the NAACP, if successful in this action, will be able to obtain "complete relief," namely, the holding of City Council elections in accordance with a constitutional plan.

Numerous voting rights cases have made it abundantly clear that federal courts have the power, if they declare an election scheme unconstitutional, to order subsequent elections conducted according to a constitutional redistricting plan. If the state legislature fails to adopt a proposed constitutional redistricting plan, federal courts have the equitable power to formulate a constitutionally-based election plan and require that elections be conducted according to its own plan. *See, e.g., Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

In *Reynolds*, plaintiffs sued various state and political party officials charged with the performance of certain duties in connection with state elections alleging, *inter alia*, violations of the Fourteenth Amendment's Equal Protection Clause. After the Alabama State Legislature failed to reapportion voter districts in a constitutional manner, the District Court enjoined election officials from holding future elections under the existing unconstitutional plan and ordered temporary reapportionment for the next general election.

Chief Justice Warren opined: "[o]nce a ... legislative apportionment scheme has been found to be unconstitutional, it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan." *Id.* at 533, 84 S.Ct. at 1362. In discussing the wide latitude that district court judges are afforded to fashion remedies in voting rights cases, Chief Justice Warren cited Justice Douglas' concurring opinion in *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663 (1962), stating that "any relief accorded can be fashioned in the light of well-known principles of equity."

7. D.I. 17. *See* discussion in note 8 *infra*.

The Supreme Court did, however, place some limits on the equitable powers of district courts in reapportionment cases, emphasizing that the district court's redistricting plan in *Reynolds* was intended only as a temporary and provisional measure. *Id.* at 587, 84 S.Ct. at 1394–95. The Court further expounded that reapportionment is primarily a matter for legislative determination, noting "that judicial relief becomes appropriate only when a legislature fails to reapportion according to federal constitutional requirements in a timely fashion." *Id.* at 586, 84 S.Ct. at 1394.

Accordingly, if the NAACP prevails on its claim of unconstitutionality, this Court can afford it "complete relief" within the meaning of Rule 19(a)(1).[8]

## III.  SUBJECT MATTER JURISDICTION

In its opening brief,[9] Dover "take[s] no position as to whether joinder of the State of Delaware would deprive this court of subject matter jurisdiction." Because this Court rules against Dover, finding that complete relief can be afforded to the NAACP if it prevails in this action, a discussion of whether this Court would retain subject matter jurisdiction is unnecessary to the Court's decision. Were Dover to prevail on its motion under Rule 19(a), however, Dover would have to "take the position" that joinder of the State of Delaware would *not* deprive this Court of subject matter jurisdiction. This is because retention of subject matter jurisdiction is an explicit requirement of feasible joinder under Rule 19(a). Hence, Dover's lack of a "position" is untenable and completely devoid of logic.

██ Since subject matter jurisdiction or the lack thereof was not raised by the NAACP in defense to Dover's motion to dismiss and because the State of Delaware is not a "necessary" party to this action, the Court expresses no opinion as to whether subject matter jurisdiction would exist over the State of Delaware. Nevertheless, because subject matter jurisdiction is a prerequisite to feasible joinder under Rule 19(a), the Court notes that in the absence of consent, a suit in which the State is named as a defendant is proscribed by the Eleventh Amendment. *See, e.g., Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Assn.,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (per curiam); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 114 (1971) (per curiam). Moreover, this jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst; Missouri v. Fiske,* 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed.2d 145 (1933).

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that complete relief can be accorded as between the NAACP and Dover. Accordingly, Dover's motion is denied.

An order will be entered in accordance with this Memorandum Opinion.

---

8. Dover has brought its motion to dismiss under Rule 19(a)(1) without addressing the provisions of Rule 19(b). If Dover were successful in its argument that complete relief cannot be afforded as between the NAACP and Dover, then the State of Delaware would be deemed a "necessary" party. *See, e.g., Eldredge,* 662 F.2d at 537. But this does not end the Rule 19 inquiry. The State of Delaware could be found to be a necessary party, yet not an "indispensable" party within the meaning of Rule 19(b). Since the Court concludes that the State of Delaware is not even a "necessary" party within the meaning of Rule 19(a), an analysis of Rule 19(b) is unnecessary to the Court's decision in this case. However, for Dover to prevail on its motion to dismiss, an analysis of the four factors in Rule 19(b) would be "indispensable" to its success on the motion.

9. D.I. 18 at 4.