GOVERNMENT OF THE VIRGIN ISLANDS

v.

MELIAH BELL, Appellant

No. 16523

United States Court of Appeals

Third Circuit

Argued January 30, 1968

Filed March 27, 1968

*See, also, 392 F.2d 207*

DANIEL H. GREENBERG, ESQ., New York, New York, *for appellant*

JOHN E. STOUT, Assistant United States Attorney, *for appellee*

Before KALODNER, STALEY and SEITZ, *Circuit Judges*

STALEY, *Circuit Judge*

OPINION OF THE COURT

█ This is an appeal from a judgment of conviction and sentence imposed against Meliah Bell in the District Court of the Virgin Islands, following the jury's verdict that the defendant was guilty of violating Title 14, V.I.C. § 834(2), obtaining money or property by false pretenses. The defendant has asserted numerous errors in this appeal, but

457

the crucial issue presented concerns the district court's instruction to the jury that they could consider the defendant's failure to testify to deny or explain evidence against him as tending to indicate the truth of such evidence, and inferences drawn therefrom. We conclude that this instruction was erroneous and we will reverse for a new trial.

■ The case against Mr. Bell was instituted by information[1] alleging that the defendant defrauded the American Express Company and various local retail merchants of the island of St. Thomas through the defendant's unauthorized, fraudulent use of a credit card. At the trial, the Government produced witnesses to show that the defendant made a number of purchases of watches and luxury items at different shops, and the owner of the card did not authorize the defendant to use it. The defense was predicated on a theory of mistaken identity; aside from recalling one of the Government's witnesses, defense counsel sought to establish his theory through cross-examination. The defendant did not testify.

After closing arguments, and without any request to do so, the district court included the following in its instruction to the jury:

"You are instructed that it is the constitutional right of a defendant in a criminal case that he may not be compelled to testify. Thus, whether or not he does testify is entirely his own decision. *Because of the facts within his knowledge, if he does not testify or if he does testify he fails to deny or explain such evidence or facts against him, the jury may take the failure into consideration as tending to indicate the truth of such evidence and also indicating an inference that may be reasonably drawn to it.* The failure of the defendant to deny or explain evidence against him, or by itself, neither warrants an inference of guilt nor does it relieve the prosecution of the burden of proving every essential element of the crime

---

[1] We have previously upheld this manner of proceeding in the Virgin Islands. Rivera v. Government of the Virgin Islands, 6 V.I. 155, 375 F.2d 988 (C.A.3, 1967).

and guilt of the defendant beyond all reasonable doubt., (Emphasis supplied.)

Clearly, were this instruction given in another Federal district court, we would be compelled to reverse. Griffin v. California, 380 U.S. 609 (1965); Wilson v. United States, 149 U.S. 60 (1893). As noted in Griffin, 380 U.S. at 612, the Federal rule rested upon 18 U.S.C. § 3481:

"In the trial of all persons charged with the commission of offenses against the United States and in all proceedings in courts martial and courts of inquiry in any State, District, Possession or Territory, the person charged shall, at his own request, be a competent witness. His failure to make such request shall not create any presumption against him."

The Supreme Court in Griffin went further to "hold that the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." 380 U.S. at 615.

However, the Government urges that the relevant law, properly applied in the district court, was the local law of the Virgin Islands. The argument is that the privilege against self-incrimination accrues to persons in the Virgin Islands by virtue of Section 3 of the Revised Organic Act of the Virgin Islands, 68 Stat. 497, and not because of the Fifth Amendment. The rules of decision in the courts of the Virgin Islands are the "rules of the common laws, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States * * *." 1 V.I.C. § 4 (1967.) The American Law Institute's Model Code of Evidence, Rule 201(3) expressly sanctions comment on an accused's refusal to testify by judge and counsel. Ergo, the instruction was not erroneous.

459

■ We think this argument is without merit. The statutory basis for the rule forbidding comment, Wilson, supra, is by its terms applicable not only to United States District Courts, but also "Territorial" courts. Thus the fact that the District Court of the Virgin Islands is not a constitutional court, Callwood v. Callwood, 3 V.I. 61, 127 F.Supp. 179 (D.V.I., 1954), and that other provisions of the United States Code are not applicable to proceedings therein, is not relevant here.

Second, the Model Code of Evidence relied upon by the Government is Not a restatement of the common law. Indeed the comment to the section relied upon by the Government which would authorize comment on an accused's refusal to testify states:

"This has been accepted nowhere at common law except in Maine and possibly in New Jersey and Connecticut. In most states a statute or the current interpretation of a constitutional or statutory provision prohibits all comment and inferences."

As noted in Griffin:

"The overwhelming consensus of the States, however, is opposed to allowing comment on the defendant's failure to testify. The legislatures or courts of 44 States have recognized that such comment is, in light of the privilege against self-incrimination 'an unwarrantable line of argument.'" 380 U.S. at 611, n. 3.

Moreover, without further extending this opinion, we see no reason for permitting a different standard to apply to proceedings in the Virgin Islands than applies to those in other Federal and state courts, and were it necessary to do so, we would exercise our supervisory power to forbid such comment. Cf. Government of the Virgin Islands v. Lovell, 6 V.I. 422, 378 F.2d 799, 805 (C.A.3, 1967).

The Government next argues that even were the Griffin rule applicable, the instruction constituted mere "harmless error" under the circumstances. Chapman v. California, 386 U.S. 18 (1967). The "harmless" nature of the error is said to flow from the fact that there was only

one such comment; there was an "overwhelming abundance of direct evidence"; and the district court tempered the thrust of the instruction by adding that the Government still had the burden of proving each element and the failure to testify itself did not warrant an inference of guilt.

The Supreme Court established the rule in Chapman, supra, "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. at 24. While the evidence introduced to convict Bell was adequate to support the jury's verdict, we cannot confidently assert that the district court's authorization to the jury to consider the inferences from the defendant's failure to testify had no effect on the outcome of the verdict. The Government's case was principally based on identifications of the defendant by various sales persons as the individual who purchased items from them with an American Express card belonging to a Meyer Odence well over a year before the date of the trial. Considering the heavy volume of business conducted by the merchants in St. Thomas, a great deal of it involving credit cards, and the number of persons served by any salesman, the jury may well have considered the inferences which could be drawn from Bell's failure to testify—including the obvious proposition that he could not deny the purchases—a decisive element. That the jury may have been so influenced is not rebutted by the Government.

Accordingly, we must reverse the judgment of conviction and remand for a new trial.