GOVERNMENT OF THE VIRGIN ISLANDS

v.

ALEXANDER JAMES TURNER, Appellant

No. 15,964

United States Court of Appeals

Third Circuit

Reargued November 25, 1968
Decided April 11, 1969
*See, also, 6 V.I. 659; 7 V.I. 117*

DANIEL H. GREENBERG, ESQ., New York, New York, *for appellant* ALMERIC L. CHRISTIAN, ESQ., United States Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before HASTIE, *Chief Judge*, and KALODNER, STALEY, FREEDMAN, SEITZ, VAN DUSEN, ALDISERT and STAHL, *Circuit Judges*

OPINION ON REHEARING

PER CURIAM:

The immediate result of the rehearing of this appeal before the court en banc was an order remanding the case to the district court with leave to entertain a motion for reduction of sentence. At the same time, we retained jurisdiction of the appeal.

55

It now appears that the appellant's sentence has been reduced to the time already served and that he has been released from custody.

On the merits of the appeal, the majority of the court are persuaded that the trial errors pointed out by the original hearing panel in its opinions filed July 12, 1968 were not such as to influence the determination of guilt, though they may have resulted in a more severe sentence than otherwise would have been imposed. The properly admitted evidence of guilt was overwhelming and was not significantly rebutted.

Accordingly, on rehearing the judgment of the district court as modified by the subsequent reduction of sentence will be affirmed.

KALODNER, *Circuit Judge*, dissenting

I dissent for these reasons:

The sum of the majority's disposition is that there were trial errors but they "were not such as to influence the determination of guilt." Implicit in that determination is a holding that the admitted trial errors were not of a prejudicial dimension requiring a new trial.

I disagree for the reasons stated in my dissent from the panel's opinion filed July 12, 1968, reported at 6 V.I. 659 (3 Cir. 1968). See Walker v. United States, 404 F.2d 900 (5 Cir. 1969); United States v. Guajardo-Melendez, 401 F.2d 35 (7 Cir. 1968), subsequently decided.

Stahl, Circuit Judge, joins in this dissent.

FREEDMAN, *Circuit Judge*, dissenting

I agree with Judge Kalodner that our belief in defendant's guilt does not deprive him of the right to a fair trial.

Nor is this right lessened because defendant has now been released from prison as a result of the reduction of his sentence by the district court. If he was unfairly convicted he is entitled to a new trial and the Government must establish his guilt beyond a reasonable doubt in a fair proceeding.

I believe the testimony of the FBI agent that defendant refused to make a statement and the opening speech of the prosecutor to the jury, both of which are fully discussed in Judge Kalodner's dissenting panel opinion, constitute reversible error.

I therefore dissent.