**MARY FERGUSON, Plaintiff**

**v.**

**KWIK–CHEK WINN–DIXIE STORES, INC.**
**A Florida Corporation Resident Agent:**
**P. F. Arnall, 5050 Edgewood Court,**
**Jacksonville, Florida, Defendant**

Civil No. 250-1968

District Court of the Virgin Islands
Div. of St. Croix

January 9, 1970

JOHN F. JAMES, ESQ., Christiansted, St. Croix, Virgin Islands, *for plaintiff*

WARREN H. YOUNG, ESQ., Christiansted, St. Croix, Virgin Islands, *for defendant*

ALMERIC L. CHRISTIAN, *Judge*

MEMORANDUM AND ORDER

The plaintiff, Mary Ferguson, on December 3, 1968, filed an action in this Court against the defendant, a corporation, organized and existing under and by virtue of the laws of the State of Florida. In her complaint, plaintiff alleged diversity of citizenship, she being a citizen and resident of the Virgin Islands, and that the matter in controversy, exclusive of interest and costs, exceeded Ten Thousand Dollars.

Defendant is not engaged in any business whatsoever in the Virgin Islands. It maintains no office therein, nor is it registered in the Virgin Islands as a foreign corporation. The alleged injuries, which form the basis of the complaint, are said to have taken place on December 18, 1964 in a food market owned and operated by defendant at 211 S. Prospect Avenue, Clearwater, Florida.

On December 5, 1968, plaintiff obtained an order for substituted service, signed by the District Court Commissioner.[1] Pursuant to that order, service of process was made on one P. F. Arnall, resident agent of the defendant corporation, at 5050 Edgewood Court, Jacksonville, Florida, on January 2, 1969, by the Office of the U.S. Marshal for the Middle District of Florida. Defendant, by

---

[1] The District Court Commissioner (not to be confused with the United States Commissioner)· is an official provided for in the Virgin Islands Code, Title 4, Section 36. This official is appointed by the Judge of the District Court and performs certain functions as assigned by the Court or as is provided under territorial laws.

counsel, Young, Isherwood, Gibbs & Carney (Warren H. Young, Esq. of counsel), on January 17, 1969, filed a motion, "pursuant to Rule 12(b)(2) to dismiss the complaint for lack of jurisdiction over the person, and to rescind or change the order of the District Court Commissioner, permitting service of process by publication or by personal service upon the defendant outside of this jurisdiction." On September 29, plaintiff answered the said motion, asserting that it should not be granted, and "that the proper remedy is by transfer not by dismissal." At the same time, plaintiff moved the Court for an order transferring the cause to the United States District Court in Tampa, Florida (the Middle District of Florida), a district in which the action might have been brought. Defendant, on October 2, 1969, filed a memorandum in opposition to plaintiff's motion for transfer and in further support of defendant's motion to dismiss. In this memorandum, defendant argued that, by reason of the lack of jurisdiction of the District Court over the defendant, the case should be dismissed. Defendant also urged an additional ground for dismissal, the running of the Virgin Islands statute of limitations. It claimed that the complaint was filed in this Court after the expiration of the two-year limitation period provided in the laws of the Virgin Islands. Both parties admit that the Florida statute of limitations is four years, and that the complaint was filed in the Virgin Islands within that statutory period.

At the outset, the Court must determine whether it has jurisdiction to entertain the motion requesting transfer under the venue provisions contained in Title 28 U.S.C., Chapter 87. In this quest, I turn first to Title 28 U.S.C. 1332, which grants diversity of citizenship jurisdiction to district courts of the United States, where the matter in controversy exceeds the sum of Ten Thousand Dollars, exclusive of interest and costs. That statute, after having

conferred jurisdiction to district courts, provides in subsection (d), "*** the word 'states', as used in this section, includes the territories ***."

It is clear that the District Court of the Virgin Islands is not a district court of the United States. Callwood v. Callwood, 127 F.Supp. 179, 3 V.I. 61 (D.C.V.I., 1954). Government of the Virgin Islands v. Bell, 392 F.2d 207, 6 V.I. 456 (3 Cir. 1968). However, the Revised Organic Act of the Virgin Islands, in Section 22, provides, "the District Court of the Virgin Islands shall have the jurisdiction of a district court of the United States, regardless of the sum or value of the matter in controversy." With this broad grant of jurisdiction to the District Court of the Virgin Islands, and the matter in controversy now before the Court arising under a law of the United States, to wit, 28 U.S.C., Sec. 1332, I see no sound reason why this Court may not properly consider, either an action in which jurisdiction is founded on diversity of citizenship or a motion to transfer a case, as could any other district court within the federal system. By way of comparison, this Court, and proceedings before it, have been favorably likened to the district court for the District of Columbia. Government of the Virgin Islands v. Solis, 334 F.2d 517, 5 V.I. 469 (3 Cir. 1964). Diversity cases as well as motions to transfer suits are routinely dealt with by that court without any impediment or objection whatsoever. I believe the comparison made in Solis holds good in this instance also. I am convinced that the Congress has clearly evidenced an intention to integrate the District Court of the Virgin Islands into the federal judicial system, as nearly and completely as is possible. Revised Organic Act of 1954, Sec. 25. 1, Barron and Holzoff, Federal Practice & Procedure, Sec. 63. Rule 54,

Federal Rules of Criminal Procedure.[1] I conclude, therefore, that there is no lack of jurisdiction in the District Court of the Virgin Islands either to entertain this suit, or to act on plaintiff's motion for a transfer of this cause.

■ Plaintiff in her motion cites Sec. 1404 as her legal basis for the relief requested, in memoranda submitted in support of the motion for transfer. However, plaintiff argues that she is equally entitled to relief under either Section 1404 or Section 1406.

The Court will treat the motion as having been brought under Sec. 1406(a), for this case seems more appropriate for consideration as one in which venue has been laid in the "wrong" district, the District Court of the Virgin Islands being unable to obtain jurisdiction over the defendant. In so concluding, the Court is in full agreement with Dubin v. United States, 380 F.2d 813, 815 (5 Cir. 1967), that a district is "wrong", within the meaning of Sec. 1406, whenever there is an "obstacle to *** an expeditious and orderly adjudication" on the merits, and that inability to effect service on a defendant in an otherwise proper forum is such an obstacle.

With the jurisdictional barrier removed, the course ahead, for the transfer of this case, is clear and straight. The two obstacles, which defendant would interpose, namely, lack of personal jurisdiction over the defendant and the expiration of the Virgin Islands statute of limitations, cannot stand in the face of Goldlawr, Inc. v. Heiman, 369 U.S. 463, 8 L.Ed.2d 39 (1962), and the increasing number of decisions, begotten of that progenitor, Dubin v. United States, supra; United States v. Berko-

---

[1] There is now pending in this Court Beckham v. Beckham, et al., docketed as No. 148–1969, a case in which a California plaintiff located the principal defendant in the Virgin Islands and, on motion, had the case transferred to the Virgin Islands from the Central District of California. That order of transfer, however, is currently on appeal to the United States Court of Appeals for the Ninth Circuit.

witz, 328 F.2d 358 (3 Cir. 1964); Mayo Clinic, et al. v. Kaiser, 383 F.2d 653 (8 Cir. 1967) and Taylor et al. v. Love (No. 19049 6 Cir., decided Sept. 23, 1969) to cite but a few. As Mr. Justice Black, writing for the Court in Goldlawr, said:

"Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history—either that relied upon by the Court of Appeals or any other that has been brought to our attention.

\*　　　\*　　　\*

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities'. It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired. Goldlawr, Inc. v. Heiman, supra. (Footnotes omitted).

■ The breadth of the Goldlawr decision has been said to be sufficient to encompass even a case filed in one district merely to toll the statute of limitations in another. Taylor et al. v. Love, supra. And, finally, the Court is satisfied, by the teaching of all the cases hereinabove cited, and the forward-looking approach taken in Les Schwenley Motors, Inc. v. Chrysler Motors Corporation, 270 F.Supp. 418 (D.C.E.D. Calif. 1967), that the fact that the Virgin Islands statute of limitations had fully run is of no moment, the case having been commenced within the period of the Florida statute.

IT IS, THEREFORE, ORDERED, that the motion of Plaintiff to transfer this case to the United States District Court for the Middle District of Florida, be, and the same is hereby, granted.