GOVERNMENT OF THE VIRGIN ISLANDS

v.

**MELIAH BELL, Appellant**

No. 17978

United States Court of Appeals

Third Circuit

Argued January 30, 1970 at Charlotte Amalie, St. Thomas

Decided March 12, 1970

DANIEL H. GREENBERG, ESQ., New York, New York, *for appellant*

RICHARD L. ROSENFIELD, ESQ., United States Department of Justice, Washington, D.C., *for appellee*

Before HASTIE, *Chief Judge,* and STALEY and STAHL,[*] *Circuit Judges*

## OPINION OF THE COURT

PER CURIAM:

Meliah Bell is before this court for the second time, having been twice tried, convicted, and sentenced[1] for violating 14 V.I.C. § 834(2) by obtaining money or property under false pretenses. The property was obtained through the use of an American Express Company credit card issued to one Meyer Odence.

---

[*] Judge Stahl heard the argument and participated in the consideration of the appeal in this case but not in the decision which occurred after his death.

[1] On appeal from the first conviction, this court reversed and remanded the case for a new trial. See Government of the Virgin Islands v. Bell, 6 V.I. 456, 392 F.2d 207 (C.A. 3, 1968).

 Appellant contends that the initiation of this prosecution by information rather than by grand jury indictment was in violation of the Fifth Amendment; that the trial judge committed prejudicial error by commenting on the evidence during his charge to the jury; that the evidence did not establish his guilt as to each separate count of the information; and that the sentence imposed on him after his conviction at the second trial was improper because it exceeded the sentence imposed at the first trial. See North Carolina v. Pearce, 395 U.S. 711 (1969).

We have carefully considered each of appellant's arguments and find them to be without merit. The judgment of the district court will, therefore, be affirmed, but without prejudice to appellant to file a motion in the district court for reduction of sentence. See Government of the Virgin Islands v. Turner, 7 V.I. 55, 409 F.2d 102 (C.A. 3, 1969).