EXPORTERS REFINANCE CORPORA-
TION LIMITED

v.

Ben MARDEN et al.

Civ. A. No. 73–87.

United States District Court,
S. D. Florida.

March 23, 1973.

Jack F. Weins, of Abrams, Anton, Robbins, Resnick & Schneider, P. A., Hollywood, Fla., for plaintiff.

Ray H. Pearson, of Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, Fla., for defendants.

## ORDER GRANTING MOTION FOR RECONSIDERATION

ATKINS, District Judge.

On February 20, 1973, Judge Peter T. Fay entered an order transferring this cause to the United States District Court for the Virgin Islands, St. Thomas Division. That order was, on the face of it at least, partially based on the apparent failure of the plaintiff to file any opposition to the motion to transfer. It subsequently appeared that a memorandum in opposition was timely filed, making reconsideration of the motion on the merits appropriate.

The opposition of the plaintiff to transfer of this cause to the Virgin Islands rests mainly on the contention that "The United States Court for the Virgin Islands is not a district court within the meaning of 28 U.S.C. Section 1404." There does not seem to be any dispute that there would be some advantages in transferring the case to the Virgin Islands, although the plaintiff assents that there will also be some disadvantages—i. e., the need for testimony from several individuals who reside in Broward County, Florida. Obviously the case would not be before the Court in this posture were it not for a dispute over the outcome of this balancing test. After considering the factors recited by both parties, including the location of various witnesses, the residence of the various defendants and plaintiffs, and the possibility that an interpretation of the law of the Virgin Islands may be necessary, this Court is of the firm conviction that the case should be transferred to the United States Court for the Virgin Islands if such a transfer is within the Court's power.

The provision that governs this controversy is Section 1404 of Title 28,

United States Code, that reads in relevant part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a *district court* may transfer any civil action to any other *district* or division where it might have been brought
>
> \*   \*   \*   \*   \*   \*
>
> (d) As used in this section, "district court" includes the United States District Court for the District of the Canal Zone; and "district" includes the territorial jurisdiction of that court. (emphasis supplied)

The two emphasized terms are defined in Section 451 where it provides that

> As used in this title:
>
> \*   \*   \*   \*   \*   \*
>
> The terms "district court" and "district court of the United States" mean the courts constituted by chapter 5 of this title.
>
> \*   \*   \*   \*   \*   \*
>
> The term "district" and "judicial district" mean the districts enumerated in Chapter 5 of this title.

Chapter 5 of Title 28 does not include any reference to a district of the Virgin Islands. In a case precisely on point, Judge Van Dusen held that Section 1404(a) could not be used to transfer a case from the Eastern District of Pennsylvania to the Virgin Islands. Hendricks v. Alcoa Steamship Co., 206 F.Supp. 693, 696 (E.D.Pa.1962).

That case has not been overruled or distinguished, and was recently cited as analogous authority for the statement by the Supreme Court noting that

> "vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a 'District Court of the United States.'" Mookini v. United States, 303 U.S. 201,

205, 58 S.Ct. 543, 545, 82 L.Ed. 748.

. . .

United States v. Lewis, 456 F.2d 404, 408 (3rd Cir. 1972).

The defendant relies on the case of Ferguson v. Kwik-Chek, 308 F.Supp. 78 (D.V.I.1970), where the District Judge, after reviewing the applicable statutes and case law, determined that the District Court for the Virgin Islands had the power to transfer a cause from the Virgin Islands to Florida. This decision was based on the conclusion

> that the Congress has clearly evidenced an intention to integrate the District Court of the Virgin Islands into the federal judicial system, as nearly and completely as is possible.

308 F.Supp. at 80. That transfer was effected pursuant to Section 1406(a), which is subject to the same definitions of "district court" as is Section 1404(a).

█ █ Based on this limited authority, then, there appears to be a conflict that has not been reconciled to any degree. The *Ferguson* case did not even cite *Hendricks*, the only case on point that this Court has been able to find.[1] At all times being mindful of the lack of any inherent power to transfer a cause from one district to another, *Hendricks, supra* at 695, this Court is of the opinion that Section 1404(a) should be construed as authorizing the transfer requested here. Admittedly such a construction must be arrived at by implication since the definitional section previously referred to does not explicitly bring the District Court of the Virgin Islands within its reach. That, however, should not be the controlling factor. The codification of the forum non conveniens doctrine, being remedial in nature, must be liberally construed. While the activities of Congress in this regard are somewhat ambiguous and a thorough search of the statutory law relating to the Virgin

---

1. In *Ferguson* the Court noted that another case had been transferred to the Virgin Islands from the Central District of California, and at the time of the writing of the opinion that transfer order was on appeal to the Ninth Circuit Court of Appeals. Attempts have been made to locate an opinion on that question, but none has been found.

Islands could lead one to conclude, as Judge Van Dusen did, that "[t]here is no reason to believe that the exclusion [of the Virgin Islands] was unintentional," the better reasoned result was summarized by the Court in *Ferguson*, quoted earlier, wherein it was stated

that the Congress has clearly evidenced an intention to integrate the District Court of the Virgin Islands into the federal judicial system, as nearly and completely as is possible.

Therefore, it is ordered and adjudged as follows:

1) The motion for reconsideration of the Order of Transfer to the United States District Court for the Virgin Islands shall be and it hereby is granted.

2) The prior ruling of this Court to transfer this cause to the District Court for the Virgin Islands is adhered to upon reconsideration.