THE VESSEL PACIFIC PRINCESS, n/k/a PACIFIC ISLANDER, Petitioner,
v.
TRIAL DIVISION OF THE HIGH COURT OF AMERICAN SAMOA, Respondent.
GREAT AMERICAN INSURANCE CO., Real Party in Interest.

High Court of American Samoa
Appellate Division

AP No. 12-83

September 5, 1984

Before GARDNER, Chief Justice, Presiding, KING*, Acting Associate Justice, HEEN**, Acting Associate Justice, TAUANU'U, Chief Associate Judge and OLO, Associate Judge.

Counsel: For the petitioner, Gary Hynds
        For the real party in interest, F. Michael Kruse


KING, J.

## BACKGROUND

On December 16, 1981, real party in interest, Great American Insurance Company ("G.A.I.C.), filed a complaint in rem in the trial division of this court against petitioner. The clerk of this court issued a warrant of arrest, and the vessel Pacific Princess was seized by the marshal.

On December 18, 1981, owners of the Pacific Princess and G.A.I.C. entered into a stipulation releasing the vessel from arrest upon the posting of a $75,000 bond by the owners with the Bank of Hawaii in American Samoa. The trial division entered an order directing the posting of the bond and the release of the vessel.

On December 7, 1982, the trial divison issued an order based on the parties' cross motions for summary judgment. The trial divison found that G.A.I.C.'s complaint was time barred by the statute of limitations. The trial division ordered, however, that the bond posted be retained by the Bank of Hawaii subject to motion by G.A.I.C. for transfer of the bond to the district court in Guam, where a purported action against the vessel was pending. G.A.I.C. made such a motion pursuant to 28 U.S.C. section 1404(a), and on May 17, 1983, the trial division issued an order directing the Bank of Hawaii in American Samoa to transfer the bond to the Bank of Hawaii in Guam.

Petitioner argues that the trial division acted beyond its jurisdiction in ordering the transfer of the bond, and hence, the action, to the district court in Guam under 28 U.S.C. sections 1404(a) and 1406(a). Petitioner requests that this court issue an order directing the trial division to vacate its order of May 17, 1983, and dismiss G.A.I.C.'s complaint as time barred.

G.A.I.C. initially contends that the extraordinary relief requested by petitioner is not available in that the trial division order was a final order and hence appealable, and the time for appeal has lapsed. In addition, G.A.I.C. argues that the trial division had jurisdiction and authority to transfer the bond and action to the district court in Guam.

## APPEALABILITY OF TRIAL DIVISION ORDER

An order transferring an action under section 1404(a) is interlocutory in nature and hence not appealable. The extraordinary relief of mandamus does lie to review a clearly erroneous transfer order entered under section 1404(a). Commercial Lighting Products, Inc. v. United States District Court (9th Cir. 1976) 537 F.2d 1978, 1079.

In Pacific Car & Foundry Co. v. Pence (1968) 403 F.2d 949, the Ninth Circuit agreed with other circuits that orders respecting venue entered under sections 1404(a) and 1406(a) were interlocutory and not appealable until final judgment was rendered. Id. at 951. The Ninth Circuit recognized that the venue provisions dealt with rights too important to be denied review since error cannot be effectively remedied upon appeal from final judgment. It therefore held that review upon mandamus was available for clearly erroneous orders entered under section 1404(a). Id. at 952. The other circuits are in substantial agreement. See Kasey v. Molybdenum Corp. of America (9th Cir. 1969) 408 F.2d 16, 18 n.8.

This court finds that petitioner proceeded correctly in requesting

extraordinary relief from the trial division's order transferring this action to the district court in Guam. Even if this court were to hold that the correct procedure was an appeal of the trial division's order, we would treat the petition for writ of prohibition as a timely appeal. The trial division's order transferring the bond was entered on May 17, 1983, and the petition for writ of prohibition was filed on May 18, 1983, obviously within the requisite time limits for appeal.

## TRIAL DIVISION'S ORDER OF TRANSFER UNDER 28 U.S.C. SECTION 1404(a)

The venue provision in question, section 1404(a), states:
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Section 1404(d) includes as a district court the "United States District Court for the District of the Canal Zone." No other territorial court is mentioned.

There can be no argument, and as this court understands the parties' positions, there is none, that the High Court of American Samoa is not an Article III district court. This court is a territorial court duly constituted under Article IV of the United States Constitution. As this court noted in Vessel Fijian Swift v. Trial Division, High Court of American Samoa, (1975) 4 A.S.R. 983, 986, "Congress has passed no recognized organic act providing for the civil government of American Samoa and has not incorporated this territory into the United States." American Samoa is still legally governed by executive fiat and administered by the Secretary of the Interior. No federal legislation creating a court system for American Samoa has yet been fashioned.

Nor must Congress pass such legislation. The Supreme Court recently stated in Northern Pipeline Construction Co. v. Marathon Pipe Line Co. (1982) 458 U.S. 50, 64, 73 L. Ed. 2d 598, 611, that Congress need not invest territorial courts with the attributes of an Article III court. An Article III court need not be made available for adjudication in American Samoa. See Meaamaile v. American Samoa (D. Hawaii 1982) Civ. No. 82-0365.

However, G.A.I.C. and the trial division have postulated that this court is a district court for admiralty purposes only, i.e., in matters of admiralty and maritime law, the court dons "federal robes." The trial division reasoned that since admiralty law was the exclusive province of the federal judiciary, when it sat in admiralty, it must be a federal court. Several decisions involving the Virgin Islands and transfers entered pursuant to section 1404(a) are cited as support for the trial division's argument. See Exporters Refinance Corp. Ltd. v. Marden (S.D. Fla. 1973) 356 F. Supp. 859 and Ferguson v. Kwik-Chek (D.V.I. 1970) 308 F. Supp. 78.

Assuming the cases cited are correct in their holdings, there are distinct differences between the Virgin Islands' judicial system and American Samoa's. The Revised Organic Act of the Virgin Islands, section 22, provides:
> The District Court of the Virgin Islands shall have the jurisdiction of a district court of the United States . . . regardless of the sum or value of the matter in controversy.

The courts in Ferguson and Marden, above, found that this organic act evidenced Congress' intent to "integrate the District Court of the Virgin Islands into the federal judicial system, as nearly and completely as possible." Ferguson, 308 F. Supp. at 80. American Samoa has no organic act.

23

In addition, actions decided by the Virgin Islands courts are appealable within the federal judicial system. Appeals from the Virgin Islands are heard by the Third Circuit. Appeals from Guam are heard by the Ninth Circuit. Actions from the Canal Zone are appealable to the Fifth Circuit. Cases heard by this court are not appealable to any Article III court. This is further evidence that Congress did not intend to integrate completely American Samoa into the federal judicial system.

Indeed, when Congress has intended to so integrate American Samoa, it has stated its intent quite clearly. In the Ocean Dumping Act, 33 U.S.C. section 1401(g), and the Marine Mammal Protection Act, 16 U.S.C. section 1362(3), Congress has provided that:

> The term "district court of the United States" includes . . .
> in the case of American Samoa . . . the District Court of the
> United States for the District of Hawaii.

Congress has been quite specific in not including this court as part of the federal judiciary.

This court agrees with the Marden court that "codification of the forum non conveniens doctrine [in section 1404(a)], being remedial in nature, must be liberally construed." 356 F. Supp. at 860. But this court cannot ascribe an intent to Congress that Congress did not express. Although this may work a hardship on certain litigants in American Samoa, that is a hardship that must be endured until it is rectified by Congress.

Petition for writ of prohibition is granted.

It is hereby ordered that the order of transfer to Guam entered in the trial division of the high court on May 17, 1983, be vacated, and the G.A.I.C.'s complaint be dismissed as time barred.

GARDNER, C.J., Concurring.

To me the lack of access by the residents of this territory to a court with federal jurisdiction is troublesome. I think this is the only territory of the United States which is not within the jurisdiction of a United States District Court.

At one time, when the territory was young and undeveloped, this was probably unimportant but as the territory becomes more and more a part of the commercial world the lack of access to a federal court denies the residents of the territory important rights and protections. This case is a good example. Another is the recent case of Matter of Interocean Ships (1984) 2 A.S.R.2d 21, in which the high court held it had no jurisdiction over the limitation of vessel owner's liability provision of 46 U.S.C. section 183.

Whether this represents indifference or reluctance on the part of the residents of the territory or of Congress I do not know. However, if either or both are interested, three avenues of relief are available.

First, Congress could extend federal jurisdiction to the high court as it has done in other territories by providing that the high court have the jurisdiction of a United States District Court. This can be done under the so-called territorial exception to the rule that only United States District Courts can exercise the jurisdiction of an Article III court. See Northern Pipeline Construction Co. v. Marathon Pipe Line Co. (1984) 458 U.S. 5, 73 L. Ed. 2d 598; American Insurance Co. v. 356 Bales of Cotton (1828) 26 U.S. (1 Pet.) 511, 7 L. Ed. 242.

This would be the most simple solution.

Second, it could place American Samoa under the jurisdiction of a United States District Court, such as the United States District Court of

Hawaii. This would involve geographical problems for the court and the residents.

Third, it could create a United States District Court for the territory. This, of course, would be the height of fiscal irresponsibility—a United States District Court serving only 32,000 people.

Thus, propositions 1 and 2 are the only viable alternatives. However, whether either Congress or the Territory is interested I do not know.

In the meantime a resident of American Samoa can rob a federally insured bank in American Samoa and not worry about the F.B.I. On the other hand, he can't go into bankruptcy.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of Interior.