**DR. KAREEM ABDULGHANI, Plaintiff**

**v.**

**VIRGIN ISLANDS SEAPLANE SHUTTLE, INC., Defendant**

Civil Action No. 1987/156

District Court of the Virgin Islands

Div. of St. Croix

October 24, 1990

GERALD T. GRONER, ESQ., St. Croix, V.I. and THOMAS ALKON, ESQ., GORDON C. RHEA, ESQ., St. Croix, V.I., *for plaintiff*

JOHN K. DEMA, ESQ., St. Croix, V.I. and DAVID N. ZEEHANDELAAR ESQ., ELLEN D. FINE, ESQ. (BOLGER, PICKER AND WEINER), Philadelphia PA, *for defendant*

BROTMAN, *Acting Chief Judge*

## OPINION

Defendant Virgin Islands Seaplane Shuttle (hereinafter "VISS") has filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) from this District to the District Court of Puerto Rico or the District Court for the Southern District of New York. Defendant's motion is denied as this civil action could not have been brought in either court.

## I. FACTS AND PROCEDURE

A jury awarded plaintiff, Dr. Kareem Abdulghani, $5.5 million for economic loss and pain and suffering sustained as a proximate result of a seaplane crash caused by the negligence of defendant VISS. Defendant admitted liability for purposes of the trial but denied that plaintiff suffered loss to the extent he claimed.

A three day trial was held from March 12 through March 14, 1990 in the Division of St. Croix at Christiansted. The only issue presented to the jury was the amount of damages plaintiff had suffered as a result of the plane crash. Two elements of damages were presented to the jury: lost earning capacity and pain and suffering. The jury awarded plaintiff the sum of $5,500,000 in a general verdict.

Defendant filed a motion for a new trial on April 4, 1990 based on several grounds. This Court granted that motion based on plaintiff's failure to present sufficient evidence to allow the jury to reduce the award to its present value. We ordered a new trial on August 23, 1990. Defendant now requests that the new trial be transferred to a different venue based on prejudicial publicity surrounding the first trial, a prejudicial atmosphere towards insurance companies and the limited number of residents in the Virgin Islands.

## II. DISCUSSION

■■ The federal change of venue statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a dis-

trict court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[1] Section 1404(a) requires two findings—"that the district court is one where the action might have been brought and that the convenience of the parties and the witnesses in the interest of justice favor the transfer." Hatch v. Reliance Insurance Company, 758 F.2d 409, 414 (9th Cir.), cert. denied 474 U.S. 1021 (1985). The district court has the power to transfer a case if it determines that the considerations enumerated in 1404(a) warrant the transfer. United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir.), cert. denied 379 U.S. 821 (1964). But the transfer can only be made to a district and division where plaintiff would have had a right, independent of the wishes of the defendant, to bring the action. Hoffman v. Blaski, 363 U.S. 335, 344 (1960).

■ Therefore, as a threshold matter, this Court must determine whether plaintiff could have brought this civil action in any other federal district court. Under 28 U.S.C. § 1391, "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." A defendant corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

■ The statute also bars transfer to a court that would lack jurisdiction of the subject matter. Lewis v. Hogwood, 300 F.2d 697 (D.C. Cir. 1962); Rice v. Disabled Am. Veterans, 295 F. Supp. 131 (D.D.C. 1968). If no federal district court could have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, then the case cannot be transferred. Wright, Miller & Cooper, Federal Practice and Procedure § 3845 at 341 (2d Ed. 1986).

■ Such a special situation presents itself to the District Court of the Virgin Islands under its jurisdictional statute, V.I. Code Ann. tit. 4, § 32(a) (1965). The District Court of the Virgin Islands is both a federal court and a local territorial court for limited purposes. Under its jurisdiction as a local territorial court, the District Court of the

---

[1] This Court has held in earlier cases that 28 U.S.C. § 1404(a) is applicable to the District Court of the Virgin Islands. Cat Aircraft Leasing, Inc. v. Cessna Aircraft Co., 650 F. Supp. 57, 60 n.1 (D.V.I. 1986); Dickson v. Hertz Corp., 559 F. Supp. 1169, 1177 n.8 (D.V.I. 1983); Ferguson v. Kwik-Check, 308 F. Supp. 78 (D.V.I. 1970).

Virgin Islands may hear cases that neither involve federal questions nor diversity of citizenship.

Although this Court apparently has never been faced with this question before, other courts with a local jurisdictional equivalent of Title 4, § 32 of the Virgin Islands Code have consistently found that transfer pursuant to 28 U.S.C. § 1404(a) cannot be done where there is no federal question and no diversity of citizenship jurisdiction. Central GMC, Inc. v. E.T. & T. Leasing, Inc., 371 F. Supp. 437 (D.Md. 1974); Rice v. Disabled Am. Veterans, supra; Russel v. Cunningham, 191 F. Supp. 82 (D. Guam 1961).

■ As applied to the facts of this case, the applicable legal rule requires that this Court deny defendant's motion for a change of venue. As defendant concedes, this case is a straightforward torts action. There is no federal question jurisdiction. Likewise, there is no diversity of citizenship between plaintiff and defendant: Dr. Abdulghani is a citizen of the Virgin Islands and VISS, at the time of suit, was a Virgin Islands corporation. Therefore, there is no federal district court in the country in which plaintiff could have brought this suit. Defendant has failed to meet the threshold test of the change of venue statute.

Our conclusion that plaintiff could not have brought this suit in any other federal district court voids the necessity of weighing the various grounds for transfer under 28 U.S.C. § 1404. Therefore, the Court at this time withholds any opinion on the merits of the other arguments raised by defendant.

An appropriate order will be entered.

This matter having come before the Court on the motion of defendant Virgin Islands Seaplane Shuttle, Inc. for a change of venue pursuant to 28 U.S.C. § 1404(a); and

The Court having considered the submissions of the parties;
For the reasons set forth in the Court's opinion of this date;
IT IS this 24th day of October, 1990 hereby

ORDERED that defendant's motion is DENIED.
No costs.