MEMORANDUM OPINION
 

 KESSLER, District Judge.
 

 This matter is before the Court on Defendants’ Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).
 
 [1]
 
 231 The statute provides:
 

 For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
 

 The threshold consideration in a Section 1404(a) motion is that there must be an “other district ... where it [the action] might have been brought.”
 
 Id.; See Northwest Forest Resource Council et al. v. Babbit,
 
 no. 93-cv-1579. slip. op. at 3, 1994 WL 908586
 
 *2
 
 (D.D.C. April 13, 1994). Defendants argue that this action “might have been brought” in the District Court of the Virgin Islands because Plaintiffs’ previous lawsuit in an admittedly similar action was filed in that Court.
 
 [2]
 

 Plaintiffs argue that this action may not be transferred to the District Court of the Virgin Islands because it is not a judicial “district” to which Congress intended Section 1404(a) to apply.
 
 [3]
 
 In support, Plaintiffs cite Section 1404(d) of the statute, which provides that:
 

 As used in this section, “district court” includes the United States District Court for the District of the [Panama] Canal Zone; and “district” includes the territorial jurisdiction of that court.
 

 28 U.S.C. 1404(d).
 

 The specific inclusion of the District Court for the District of the Canal Zone, Plaintiffs argue, supports the inference that Congress intended to exclude the District Court of the Virgin Islands. Under the canon of statutory construction
 
 expressio unius est exlusio alterius,
 
 Plaintiffs argue that Congress’ failure to include the District Court of the Virgin Islands in Section 1404(d) reflects a Congressional intent to prevent such transfers under 1404(a).
 

 Defendants counter by citing to a number of cases where courts have concluded that Section 1404(a) does apply to the Virgin Islands District Court, notwithstanding the fact that the statute does not specifically include it.
 
 See Dickson v. Hertz Corp.,
 
 559 F.Supp. 1169, 1177 n. 8 (D.V.I.1983);
 
 Exporters Refinance Corp. v. Marden,
 
 356 F.Supp. 859, 860-61 (S.D.Fla.1973);
 
 CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co. et al.,
 
 650 F.Supp. 57, 60 n. 3 (D.V.I.1986);
 
 Ferguson v. Kwib-Chek,
 
 308 F.Supp. 78, 80 (D.V.I.1970);
 
 Abdulghani v. Virgin Islands Seaplane Shuttle, Inc.,
 
 749 F.Supp. 113, 114 (D.V.I. 1990).
 
 But see Hendricks v. Alcoa Steamship Co.,
 
 206 F.Supp. 693, 696 (E.D.Pa.1962).
 

 Recent authority strongly favors including the Virgin Islands District Court within Section 1404(a)’s ambit. Wright and Miller explain that “[d]espite an early decision to the contrary
 
 [Hendricks]
 
 ... it now appears that the District Court of the Virgin Islands is to be regarded as a district for purposes of § 1404(a) so that cases may be transferred to it and by it.” 15 Charles A. Wright, Arthur R. Miller & E. Cooper,
 
 Federal Practice and Procedure
 
 § 3845 n. 1 (2d ed.1986).
 
 [4]
 

 This development in the case law is consistent with Congressional intent to integrate the District Court of the Virgin Islands into the federal judicial system “as nearly and as completely as possible.”
 
 Exporters Refinance Corp.,
 
 356 F.Supp. at 861;
 
 see also CAT Aircraft Leasing,
 
 650 F.Supp. at 60, n. 3 (discussing Revised Organic Act in relation to Section 1404(a)). In order to accomplish that purpose, Congress, in the 1984 amendments to the Organic Act of the Virgin Islands, provided that the “District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of Title 28.” 48 U.S.C. § 1612(a). This broad grant of diversity jurisdiction suggests that Congress expected the Virgin Islands District Court to have powers as broad as other
 
 *3
 
 district courts within the federal system. There is no sound reason why a court that may consider an action based on diversity may not also consider a motion to transfer pursuant to Section 1404(a).
 
 See Ferguson,
 
 308 F.Supp. at 80. Finally, interpreting Section 1404(a) to include the District Court of the Virgin Islands is consistent with the principle that the doctrine of
 
 forum, non conveniens,
 
 codified in Section 1404(a), should be liberally construed.
 
 See Exporters Refinance Corp.,
 
 356 F.Supp. at 860.
 

 For these reasons, the Court concludes that the District Court of the Virgin Islands is a “district” under Section 1404(a) so that cases may be transferred to it and by it. Thus, because this action “might have been brought” in the District Court of the Virgin Islands, the issue now before the Court is whether this ease should be transferred there.
 

 Section 1404(a) places “discretion in the district court to adjudicate motions for transfer according to an ‘individualized, ease-by-case consideration of convenience and fairness.’ ”
 
 Stewart Organization, Inc., v. Ricoh Corp.,
 
 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988) (quoting
 
 Van Dusen v. Barrack,
 
 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). A motion to transfer pursuant to Section 1404, therefore, requires a district court to “balance a number of case-specific factors.” Id The relevant factors include: the preference given to plaintiffs choice of forum; convenience of the parties, counsel and witnesses; the location of the record; and the interest of justice. 15 Charles A Wright, Arthur R. Miller & E. Cooper, supra, §§ 3848-54.
 

 While a Plaintiffs choice of forum is certainly entitled to some deference, that is less true where, as here, “there is an insubstantial factual nexus with the plaintiffs choice.”
 
 Comptroller of Currency v. Calhoun Nat’l Bank,
 
 626 F.Supp. 137, 140 n. 9 (D.D.C.1985);
 
 See also SEC v. Savoy Industries, Inc.,
 
 587 F.2d 1149, 1154 (D.C.Cir. 1978),
 
 cert. denied
 
 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 462 (1979);
 
 SEC v. Page Airways,
 
 464 F.Supp. 461, 464 n. 7 (D.D.C. 1978).
 
 But see Air Line Pilots Ass’n v. Eastern Air Lines,
 
 672 F.Supp. 525, 527 (D.D.C.1987). The housing project, and the habitat of the sea turtle and tree boa are in the Virgin Islands, and the alleged violation of the environmental laws took place there. That is precisely the reason the Plaintiffs launched their first suit in the Virgin Islands District Court. Thus, although Plaintiffs’ choice of forum merits serious consideration, that factor alone is not determinative when, as here, the case has virtually no connection to the District of Columbia and other factors militate in favor of transfer.
 
 See Frans G. Claasen, M.D. v. Jesse Brown,
 
 No. 94-1018, 1996 WL 79490 at * 6 (D.D.C. Feb. 16,1996), citing
 
 Packer v. Kaiser Foundation Health Plan,
 
 728 F.Supp. 8 (D.D.C.1989).
 

 The convenience of the parties and witnesses strongly favors transfer to the District of the Virgin Islands. Every one of the Plaintiffs, and Plaintiffs’ lead counsel in this matter, lives on St. Thomas, Virgin Islands, and, as they allege in their Complaint, they are “property owners, residents of St. Thomas ... and a condominium association made up of unit owners.” Pit. Complaint at 6. All of Plaintiffs’ witnesses in the earlier trial were located, if not in St. Thomas, at least much closer to the Virgin Islands than to the District of Columbia. And that will presumably be the situation in this case. While it may be true that the expert witnesses come from different parts of the country
 
 (e.g.
 
 the Virgin Islands, Florida, Virginia, Puerto Rico and California), the two districts seem equally convenient given the far-flung locations of the experts.
 
 [5]
 

 As to the location of the record, this factor clearly favors transfer. The prior action in the District Court for the Virgin Islands created three volumes of trial transcript, and a large volume of documents, including exhibits. Moreover, the court heard three days of evidentiary testimony and oral argument on the TRO, and had an extensive evidentiary hearing regarding the preliminary injunc
 
 *4
 
 tion. Certainly no other court is more familiar with the factual background and legal issues of this case than the District Court for the Virgin Islands, and there is little doubt that transfer of this case will promote significant economy of judicial resources.
 

 The final factor to consider is the “interest of justice,” a somewhat amorphous term consisting of numerous considerations such as the desire to avoid multiple litigation from a single transaction, to try related litigation together, to conserve judicial resources, and to consider the regional nature of a dispute.
 
 See
 
 15 Charles A. Wright, Arthur R. Miller & E. Cooper,
 
 supra,
 
 § 3854. Amorphous though it may be, the interest of justice “may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction.”
 
 Id.
 

 Plaintiffs make the very serious argument that the interest of justice is served by maintaining this action in the District of Columbia because they cannot receive a fair trial in the Virgin Islands. In more than sixty sworn affidavits, Plaintiffs describe the charged political atmosphere in the Virgin Islands surrounding this case, and relate specific incidents of alleged harassment. For example, Mr. Weiss’ office sign was torn off of its brackets, he received a hand-delivered notice of a $12,000 V.I. tax assessment that he says is unfounded, and shortly after the TRO hearing in the earlier case, some unidentified people yelled epithets in front of his home at 2:00 a.m., and appear to have fired a gun at one of his dogs. Furthermore, a number of Plaintiffs were subjected to unscheduled and unheard of governmental inspections in the week between issuance of the TRO and the preliminary injunction hearing — a type of aggressive government intrusion which is alleged to be most unusual in the Virgin Islands. Moreover, one of Plaintiffs’ expert witness’ employees was escorted into a local senator’s office and “grilled” about the witness’ business operations. Finally, Plaintiffs complain that the local press has denounced their attempts to protect the environment and endangered species, and labeled the Plaintiffs and their counsel as racist. The public debate was so bitter, according to the Plaintiffs, that Judge Finch cautioned against retaliation. In sum, argue Plaintiffs, the rancorous debate surrounding the issue, as well as specific acts of harassment and retaliation, will poison any proceeding in the Virgin Islands court, and make a fair trial impossible.
 

 The Court considers this a charge of the utmost gravity. It is extraordinary to charge that a particular court or judge cannot conduct a fair trial and issue an impartial judgment. The Court has read every word of the submitted affidavits and supporting material. It is true that they reveal a highly-charged atmosphere surrounding this case. Moreover, it does appear that there has been some low-level harassment of Plaintiffs’ counsel and witnesses. But Plaintiffs have not begun to establish that the District Court of the Virgin Islands cannot uphold the high standards of the federal bench to conduct a fair and impartial trial.
 

 While the submitted affidavits describe a heated political climate with strong rhetoric, they do not demonstrate much beyond that. Many of the sixty-four affidavits submitted were virtually identical, and most referred to the same few alleged incidents. For example, a number of affiants discussed a particular Plaintiff who was told that her business would cease to receive government contracts if she continued to be involved in the case. But Plaintiffs have not shown that any retaliatory action was taken against her. Similarly, Plaintiffs affirm that a number of people have been subject to unusual audits and examinations by the Virgin Islands licensing authorities, but have not shown any adverse consequences such as lost business, revoked licenses, fines levied, etc. Significantly — and fortunately — there has been no physical violence against any Plaintiff or counsel, and the alleged incidents of harassment — though personally frightening — are minor in nature in the context of this deeply felt public issue.
 

 The community is clearly passionate on this subject, and that has resulted in some intemperate, even racist, remarks. This is a matter of great public concern in the Virgin Islands, just as housing disputes of this nature are of equally intense concern just about anywhere in the United States. People feel passionately about where they live and who
 
 *5
 
 lives with or near them. Nothing in the record, however, suggests that the justice system in the Virgin Islands cannot impartially adjudicate this matter despite the political overtones of the case and the sometimes racially-charged rhetoric of the public debate.
 

 There is no question that this type of heated atmosphere puts additional pressure on judges. But that is far from saying that a federal judge in the Virgin Islands cannot hold a fair trial or render a fair judgment. When federal judges take their oath of office they swear to impartially administer justice and uphold the Constitution of the United States. In difficult cases like this one, that oath is particularly compelling, and no evidence has been presented to establish that it will not be carried out in the finest tradition of the federal bench.
 

 In sum, Plaintiffs have failed to show that they cannot receive a fair trial in the District Court of the Virgin Islands. Thus, the interest of justice favors transferring this case, as do the other factors discussed above. The Court concludes, therefore, that this case should be transferred to the District Court of the Virgin Islands pursuant to 28 U.S.C. § 1404(a). An Order will issue with this Opinion.
 

 [1]
 

 . The Attorney General of the Virgin Islands has filed a Brief of Amicus Curiae with the Court.
 

 [2]
 

 . See
 
 Plaintiffs’ Memorandum Of Points and Authorities in Support of Application for Temporary Restraining Order and Preliminary Injunction at 2.
 

 [3]
 

 . Plaintiffs also claim that the District Court of the Virgin Islands is not a "District Court of the United States.” Defendants do not dispute this claim, and the case law is clear on that point.
 
 See Government of the Virgin Islands v. Bell,
 
 392 F.2d 207, 209 (3d Cir.1968),
 
 cert. denied,
 
 398 U.S. 937, 90 S.Ct. 1839, 26 L.Ed.2d 269 (1970).
 

 [4]
 

 . In
 
 Abdullah v. AMR Corp.,
 
 No. 95-7025, 60 F.3d 813 (3d Cir.1995), the Third Circuit provided a comprehensive overview of the issue.
 
 See id.
 
 at n. 3. Although the court did not ultimately decide whether Section 1404(a) applied to the District Court of the Virgin Islands, it concluded as follows:
 

 However, since it appears that all agree that as a matter of policy the law should be clarified so that the District Court of the Virgin Islands does have that power [under Section 1404(a)], we will direct the clerk to send a copy of [this opinion] to staff counsel of the Judiciary Committees of the House and Senate ... and to the Honorable Victor O. Frazer, Delegate from the Virgin Islands to the United States Congress, with the suggestion that a technical legislative correction be made to eliminate this possible glitch in the law.
 

 Id.
 
 at 7-8.
 

 [5]
 

 . The Court also notes the importance of allowing local citizens to attend and observe the proceedings of this case. That would obviously be impossible (or at least prohibitively expensive) if a trial were held in the District of Columbia.